# Exhibit 5

WILLIAM DONALD SCHAEFER, Governor                Ch. 533

paid in full. The principal shall be discharged within 15 years after the date of issue of the bonds.

(5) Prior to the payment of any funds under the provisions of this Act for the purposes set forth in Section 1(3) above, the County Executive and County Council of Anne Arundel County shall provide at least an equal and matching fund of $2,000,000. No part of an applicant's matching fund may be provided, either directly or indirectly, from funds of the State, whether appropriated or unappropriated. No part of the fund may consist of real property, in kind contributions, or funds expended prior to the effective date of this Act. In case of any dispute as to what money or assets may qualify as matching funds, the Board of Public Works shall determine the matter, and the Board's decision is final. The County Executive and County Council of Anne Arundel County have until June 1, 1990, to present evidence satisfactory to the Board of Public Works that the matching fund will be provided. If satisfactory evidence is presented, the Board shall certify this fact to the State Treasurer and the proceeds of the loan shall be expended for the purposes provided in this Act. If this evidence is not presented by June 1, 1990, the proceeds of the loan shall be applied to the purposes authorized in § 8-129 of the State Finance and Procurement Article.

SECTION 2. AND BE IT FURTHER ENACTED, That this Act shall take effect June 1, 1988.

Approved May 17, 1988.

----------

CHAPTER 533

(House Bill 1131)

AN ACT concerning

Handguns - *Prohibition of* Manufacture and Sale - Prohibition *of Strict Liability for Damages Caused by Certain Criminal Use of Firearms*

FOR the purpose of prohibiting the manufacture for distribution or sale, sale, and offer for sale of certain handguns; *establishing a Handgun Roster Board in the Department of Public Safety and Correctional Services;* requiring the Superintendent--of--the--Maryland--State--Police Board to establish and maintain-a publish by a certain date a handgun roster, and thereafter maintain the handgun roster; establishing certain considerations before a handgun is placed on the handgun roster; providing-that-certain-types of-handguns--may--not--be--placed--on--the--handgun--roster;

- 3489 -

defining certain terms; authorizing the Superintendent <u>of the Maryland State Police</u> to seek injunctive relief under certain circumstances; authorizing the revocation of certain licenses for willful violations of this Act; ~~limiting civil liability concerning certain handguns; prohibiting issuance of a permit to carry certain handguns;~~ establishing procedures for hearings and appeals; ~~authorizing~~ <u>requiring</u> the ~~Superintendent~~ <u>Secretary of Public Safety and Correctional Services</u> to adopt rules and regulations to implement this Act; making the provisions of this Act severable; providing for publication of the handgun roster; providing for judicial review of certain actions by the ~~Superintendent~~ <u>Board</u>; providing that compliance with the prohibition against the manufacture for distribution or sale, sale, or offer for sale of certain handguns is not required until a certain date; making certain technical changes; <u>providing that a person or entity may not be held strictly liable for damages resulting from injuries to another person sustained as a result of the criminal use of any firearm by a third person;</u> and generally relating to handguns.

BY repealing and reenacting, with amendments,

    Article 27 - Crimes and Punishments
    Section 36B~~(a);~~ 36F and 443(h)
    Annotated Code of Maryland
    (1987 Replacement Volume)

BY adding to

    Article 27 - Crimes and Punishments
    Section 36-I and 36J
    Annotated Code of Maryland
    (1987 Replacement Volume)

<u>Preamble</u>

WHEREAS, ~~"Saturday Night Specials"~~ <u>Certain handguns generally include several of the following characteristics: easily concealable, ballistically inaccurate, relatively light in weight, of low quality and manufacture, unreliable as to safety, and of low calibre;</u> and

WHEREAS, ~~"Saturday-Night-Specials"~~ <u>Certain handguns</u> have no legitimate <u>socially useful purpose and are not suitable for law enforcement, self-protection, or sporting activities;</u> and

WHEREAS, <u>Only the prohibition of the manufacture and sale of</u> these ~~"Saturday Night Specials"~~ <u>Handguns will remove these handguns from the streets of this State;</u> now, therefore,

WILLIAM DONALD SCHAEFER, Governor                Ch. 533

SECTION 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF MARYLAND, That the Laws of Maryland read as follows:

Article 27 - Crimes and Punishments

36E.

[(a)--A--permit--to--carry-a-handgun-shall-be-issued-within-a reasonable-time-by-the--Superintendent--[of--the--Maryland--State Police],--upon--application--under--oath--therefor,-to-any-person [whom-he-finds],-IF:

[(1)--THE-HANDGUN-FOR-WHICH-THE-PERMIT-IS-REQUESTED--IS OF-A-TYPE-THAT-IS-INCLUDED-ON-THE-HANDGUN-ROSTER;-AND

[(2)--THE-SUPERINTENDENT-FINDS-THAT-THE-PERSON:

[[(1)]-(I)--Is-eighteen-years-of-age-or-older;-and

[[(2)]-(II)--Has-not-been-convicted-of-a-felony-or-of-a misdemeanor--for--which--a-sentence-of-imprisonment-for-more-than one-year-has-been-imposed-or,-if-convicted-of-such-a--crime,--has been--pardoned-or-has-been-granted-relief-pursuant-to-Title-18,-§ 925(c)-of-the-United-States-Code;-and

[[(3)]-(III)--Has-not-been-committed-to-any--detention, training,--or--correctional--institution-for-juveniles-for-longer than-one-year-after-an-adjudication-of-delinquency-by-a--juvenile court;-provided,-however,-that-a-person-shall-not-be-disqualified by--virtue--of--this--paragraph--(3)--if,--at--the--time--of--the application,--more--than--ten-years-has-elapsed-since-his-release from-such-institution;-and

[[(4)]-(IV)--Has--not--been--convicted--of--any--offense involving--the--possession,--use,--or--distribution-of-controlled dangerous-substances;-and-is-not-presently-an-addict,-an-habitual user-of-any-controlled-dangerous-substance-not--under--legitimate medical-direction-or-an-alcoholic;-and

[[(5)]-(V)--Has,-based-on-the-results-of-investigation, not--exhibited-a-propensity-for-violence-or-instability-which-may reasonably-render-his-possession-of-a-handgun-a-danger-to-himself or-other-law-abiding-persons;-and

[[(6)]-(VI)--Has,---based----on----the----results----of investigation,--good--and--substantial--reason-to-wear,-carry,-or transport-a-handgun,-provided-however,-that-the-phrase-"good--and substantial--reason"--as-used-herein-shall-be-deemed-to-include-a finding-that-such-permit-is-necessary-as-a-reasonable--precaution against-apprehended-danger.

36F.

- 3491 -

(A) AS USED IN THIS SUBHEADING, THE FOLLOWING WORDS HAVE THE MEANINGS INDICATED.

[(a) The term "handgun" as used in this subheading shall include] (B) "HANDGUN" MEANS any pistol, revolver, or other firearm capable of being concealed on the person, including a short-barreled shotgun and a short-barreled rifle as these terms are defined below, except it [shall] DOES not include a shotgun, rifle or antique firearm as those terms are defined below.

[(1) The term "antique] (C) "ANTIQUE firearm" means [--]:

[(a)] (1) Any firearm (including any firearm with a matchlock, flintlock, percussion cap, or similar type of ignition system) manufactured in or before 1898; and

[(b)] (2) Any replica of any firearm described in [subparagraph (a)] PARAGRAPH (1) OF THIS SUBSECTION if such replica [--]:

(i) Is not designed or redesigned for using rimfire or conventional centerfire fixed ammunition, or

(ii) Uses rimfire or conventional centerfire fixed ammunition which is no longer manufactured in the United States and which is not readily available in the ordinary channels of commercial trade.

[(2) The term "rifle"] (D) "RIFLE" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed metallic cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger.

[(3) The term "short-barreled] (E) "SHORT-BARRELED shotgun" means a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than twenty-six inches.

[(4) The term "short-barreled] (F) "SHORT-BARRELED rifle" means a rifle having one or more barrels less than sixteen inches in length and any weapon made from a rifle (whether by alteration, modification, or otherwise) if such weapon, as modified, has an overall length of less than twenty-six inches.

[(5) The term "shotgun"] (G) "SHOTGUN" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun

WILLIAM DONALD SCHAEFER, Governor        Ch. 533

shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.

[(b) The term "vehicle" as used in this subheading shall include any motor vehicle, as defined in Title 11 of the Transportation Article, trains, aircraft, and vessels.]

(H) "HANDGUN ROSTER" MEANS THE ROSTER OF PERMITTED HANDGUNS COMPILED BY THE ~~SUPERINTENDENT~~ <u>BOARD</u> UNDER § 36-I OF THIS ARTICLE.

[(c) The term "law-enforcement personnel" shall mean]

(I) "LAW ENFORCEMENT PERSONNEL" MEANS:

(1) [any] ANY full-time member of a police force or other agency of the United States, a State, a county, a municipality or other political subdivision who is responsible for the prevention and detection of crime and the enforcement of the laws of the United States, a State, or of a county or municipality or other political subdivision of a State[. The term shall also include any]; AND

(2) [any] ANY part-time member of a police force of a county or municipality who is certified by the county or municipality as being trained and qualified in the use of handguns.

~~(J) "SATURDAY NIGHT SPECIAL" MEANS A CHEAP, EASILY CONCEALABLE HANDGUN THAT IS NOT SUITABLE FOR~~ <u>LEGITIMATE PURPOSES</u> ~~FOR:~~

~~(1) LAW ENFORCEMENT;~~

~~(2) SELF PROTECTION; OR~~

~~(3) SPORTING ACTIVITIES.~~

~~(K)~~ (J) "SUPERINTENDENT" MEANS THE SUPERINTENDENT OF THE MARYLAND STATE POLICE, OR THE SUPERINTENDENT'S DESIGNEE.

~~(L)~~ (K) "VEHICLE" MEANS ANY MOTOR VEHICLE, AS DEFINED IN TITLE 11 OF THE TRANSPORTATION ARTICLE, TRAINS, AIRCRAFT, AND VESSELS.

<u>(L) "BOARD" MEANS THE HANDGUN ROSTER BOARD.</u>

36-I.

(A) <u>EXCEPT FOR THE MANUFACTURE OF PROTOTYPE MODELS REQUIRED FOR DESIGN, DEVELOPMENT, TESTING, AND APPROVAL BY THE BOARD,</u> A PERSON MAY NOT MANUFACTURE -A- FOR DISTRIBUTION OR SALE ANY HANDGUN THAT IS NOT INCLUDED ON THE HANDGUN ROSTER IN THE STATE.

(B) A PERSON MAY NOT SELL OR OFFER FOR SALE IN THE STATE A HANDGUN MANUFACTURED AFTER ~~1970~~ <u>JANUARY 1, 1985</u> THAT IS NOT ON THE HANDGUN ROSTER.

<u>(C) A PERSON MAY NOT MANUFACTURE, SELL, OR OFFER FOR SALE ANY HANDGUN ON WHICH THE MANUFACTURER'S IDENTIFICATION MARK OR NUMBER IS OBLITERATED, REMOVED, CHANGED, OR OTHERWISE ALTERED.</u>

~~(C)~~ <u>(D)</u> ~~(1)~~ THE SUPERINTENDENT MAY SEEK A PERMANENT OR TEMPORARY INJUNCTION FROM A CIRCUIT COURT TO ENJOIN THE WILLFUL AND CONTINUOUS MANUFACTURE, SALE, OR OFFER FOR SALE, IN VIOLATION OF THIS SECTION, OF A HANDGUN NOT INCLUDED ON THE HANDGUN ROSTER.

~~(2) WHEN SEEKING AN INJUNCTION UNDER THIS SECTION, THE SUPERINTENDENT MAY NOT BE REQUIRED TO:~~

~~(I) FILE A BOND; OR~~

~~(II) SHOW A LACK OF ADEQUATE REMEDY AT LAW.~~

~~(D)~~ <u>(E)</u> SUBJECT TO THE PROVISIONS OF THE ADMINISTRATIVE PROCEDURE ACT, THE ~~SUPERINTENDENT~~ <u>SECRETARY OF PUBLIC SAFETY AND CORRECTIONAL SERVICES</u> SHALL ADOPT RULES AND REGULATIONS NECESSARY TO CARRY OUT THE PROVISIONS OF THIS ACT.

~~(E) A PERSON MAY NOT BE HELD LIABLE IN A CIVIL ACTION FOR THE MANUFACTURE OR SALE OF A HANDGUN SOLELY ON THE GROUNDS THAT IT IS A SATURDAY NIGHT SPECIAL, IF THE HANDGUN IS OF A TYPE THAT IS INCLUDED ON THE HANDGUN ROSTER.~~

(F) NOTHING IN THIS SECTION SHALL BE CONSTRUED TO INTERFERE WITH A PERSON'S ABILITY TO MANUFACTURE, SELL, OR OFFER TO SELL RIFLES OR OTHER WEAPONS NOT DEFINED AS HANDGUNS IN ~~SECTION~~ <u>§</u> 36F(B) OF THIS ARTICLE.

<u>(G) (1) ANY PERSON WHO MANUFACTURES A HANDGUN, FOR DISTRIBUTION OR SALE, IN VIOLATION OF THIS SECTION SHALL BE GUILTY OF A MISDEMEANOR AND SHALL BE FINED NOT MORE THAN $10,000 FOR EACH VIOLATION.</u>

<u>(2) ANY PERSON OR ENTITY WHO SELLS OR OFFERS TO SELL A HANDGUN IN VIOLATION OF THIS SECTION SHALL BE GUILTY OF A MISDEMEANOR AND SHALL BE FINED NOT MORE THAN $2,500 FOR EACH VIOLATION.</u>

<u>(3) FOR PURPOSES OF THIS SUBSECTION, EACH HANDGUN MANUFACTURED, SOLD, OR OFFERED FOR SALE IN VIOLATION OF THIS SUBSECTION SHALL BE A SEPARATE VIOLATION.</u>

<u>(H) (1) A PERSON OR ENTITY MAY NOT BE HELD STRICTLY LIABLE FOR DAMAGES OF ANY KIND RESULTING FROM INJURIES TO ANOTHER PERSON SUSTAINED AS A RESULT OF THE CRIMINAL USE OF ANY</u> ~~HANDGUN~~ <u>FIREARM BY A THIRD PERSON, UNLESS THE PERSON OR ENTITY CONSPIRED WITH THE</u>

WILLIAM DONALD SCHAEFER, Governor          Ch. 533

THIRD PERSON TO COMMIT, OR WILLFULLY AIDED, ABETTED, OR CAUSED THE COMMISSION OF THE CRIMINAL ACT IN WHICH THE ~~HANDGUN~~ FIREARM WAS USED.

(2) THIS SECTION MAY NOT BE CONSTRUED TO OTHERWISE NEGATE, LIMIT, OR MODIFY THE DOCTRINE OF NEGLIGENCE OR STRICT LIABILITY RELATING TO ABNORMALLY DANGEROUS PRODUCTS OR ACTIVITIES AND DEFECTIVE PRODUCTS.

36J.

(A) (1) THERE IS A HANDGUN ROSTER BOARD IN THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES.

(2) THE BOARD SHALL CONSIST OF 9 MEMBERS, APPOINTED BY THE GOVERNOR WITH THE ADVICE AND CONSENT OF THE SENATE, EACH OF WHOM SHALL SERVE FOR A TERM OF 4 YEARS.

(3) THE MEMBERS OF THE BOARD SHALL BE:

(I) THE SUPERINTENDENT;

(II) A REPRESENTATIVE OF THE ASSOCIATION OF CHIEFS OF POLICE;

(III) A REPRESENTATIVE OF THE MARYLAND STATE'S ATTORNEYS' ASSOCIATION;

(IV) A REPRESENTATIVE OF A HANDGUN MANUFACTURER ~~IN~~, PREFERABLY A MANUFACTURER FROM THE STATE;

(V) A REPRESENTATIVE OF THE MARYLAND CHAPTER OF THE NATIONAL RIFLE ASSOCIATION;

(VI) A REPRESENTATIVE OF THE MARYLANDERS AGAINST HANDGUN ABUSE; AND

(VII) 3 CITIZEN MEMBERS.

(4) THE SUPERINTENDENT SHALL SERVE AS CHAIRMAN OF THE BOARD.

(5) THE BOARD SHALL MEET AT THE REQUEST OF THE CHAIRMAN OF THE BOARD OR BY REQUEST OF A MAJORITY OF THE MEMBERS.

~~(A)~~ (B) (1) THERE IS A HANDGUN ROSTER THAT THE ~~SUPERINTENDENT~~ BOARD SHALL COMPILE AND PUBLISH IN THE MARYLAND REGISTER BY JULY 1, 1989, AND THEREAFTER MAINTAIN, OF PERMITTED HANDGUNS THAT ARE ~~PRIMARILY~~ USEFUL FOR LEGITIMATE SPORTING, SELF-PROTECTION, OR LAW ENFORCEMENT PURPOSES.

(2) THE ~~SUPERINTENDENT~~ BOARD SHALL CONSIDER~~, AT A MINIMUM,~~ THE FOLLOWING CHARACTERISTICS OF A HANDGUN IN DETERMINING WHETHER ANY HANDGUN SHOULD BE PLACED ON THE HANDGUN ROSTER:

    (I) CONCEALABILITY;

    (II) BALLISTIC ACCURACY;

    (III) WEIGHT;

    (IV) QUALITY OF MATERIALS;

    (V) QUALITY OF MANUFACTURE;

    (VI) RELIABILITY AS TO SAFETY; ~~AND~~

    (VII) CALIBER;

    *(VIII) DETECTABILITY BY THE STANDARD SECURITY EQUIPMENT COMMONLY USED AT AIRPORTS OR COURTHOUSES AND APPROVED BY THE FEDERAL AVIATION ADMINISTRATION FOR USE AT AIRPORTS IN THE UNITED STATES; AND*

    *(IX) UTILITY FOR LEGITIMATE SPORTING ACTIVITIES, SELF-PROTECTION, OR LAW ENFORCEMENT.*

    *(3) IN DETERMINING WHETHER ANY HANDGUN SHOULD BE PLACED ON THE HANDGUN ROSTER, THE BOARD SHALL CAREFULLY CONSIDER EACH OF THE CHARACTERISTICS LISTED UNDER PARAGRAPH (2) OF THIS SUBSECTION AND MAY NOT PLACE UNDUE WEIGHT ON ANY ONE CHARACTERISTIC.*

~~(3)~~ (4) THE ~~SUPERINTENDENT~~ BOARD SHALL SEMIANNUALLY:

    (I) PUBLISH THE HANDGUN ROSTER IN THE MARYLAND REGISTER; AND

    (II) SEND A COPY OF THE HANDGUN ROSTER TO ALL PISTOL AND REVOLVER DEALERS THAT ARE LICENSED UNDER SECTION 443 OF THIS ARTICLE.

~~(4) NOTHING IN THIS SUBSECTION SHALL REQUIRE THE SUPERINTENDENT TO SEND ANY NOTICES OR COPIES OF THE HANDGUN ROSTER TO DEALERS MORE THAN 2 TIMES A YEAR.~~

~~(B)~~ (C) (1) THE ~~SUPERINTENDENT~~ BOARD MAY PLACE A HANDGUN ON THE HANDGUN ROSTER UPON THE ~~SUPERINTENDENT'S~~ BOARD'S OWN INITIATIVE ~~OR~~.

    (2) ON THE *SUCCESSFUL* PETITION OF ANY PERSON, SUBJECT TO THE PROVISIONS OF SUBSECTIONS ~~(D)~~ (E) THROUGH ~~(G)~~ AND ~~(E)~~ (F)

OF THIS SECTION, <u>THE BOARD SHALL PLACE A HANDGUN ON THE HANDGUN ROSTER</u> UNLESS~~:~~

~~(1)~~ A COURT, AFTER ALL APPEALS ARE EXHAUSTED, HAS ~~DETERMINED~~ <u>MADE A FINDING</u> THAT THE HANDGUN ~~IS-A-SATURDAY-NIGHT SPECIAL-FOR-THE-PURPOSE-OF-CIVIL-LIABILITY;~~

~~(2) THE SUPERINTENDENT DETERMINES THAT THE HANDGUN IS NOT DETECTABLE BY THE STANDARD SECURITY EQUIPMENT COMMONLY USED AT AIRPORTS OR COURTHOUSES AND APPROVED BY THE FEDERAL AVIATION ADMINISTRATION FOR USE AT AIRPORTS IN THE UNITED STATES; OR~~

~~(3) THE SUPERINTENDENT DETERMINES THAT THE HANDGUN IS NOT OF A TYPE PRIMARILY USEFUL FOR LEGITIMATE SPORTING ACTIVITIES, SELF-PROTECTION, OR LAW ENFORCEMENT~~ <u>DECISION OF THE BOARD SHALL BE AFFIRMED</u>.

~~(C)~~ <u>(D)</u> (1) A PERSON WHO PETITIONS FOR PLACEMENT OF A HANDGUN ON THE HANDGUN ROSTER SHALL BEAR THE BURDEN OF PROOF THAT THE HANDGUN SHOULD BE PLACED ON THE ROSTER.

(2) A PETITION TO PLACE A HANDGUN ON THE HANDGUN ROSTER SHALL BE SUBMITTED IN WRITING AND SHALL BE IN THE FORM AND MANNER PRESCRIBED BY THE ~~SUPERINTENDENT~~ <u>BOARD</u>.

~~(D)~~ <u>(E)</u> (1) UPON RECEIPT OF A PETITION TO PLACE A HANDGUN ON THE HANDGUN ROSTER, THE ~~SUPERINTENDENT~~ <u>BOARD</u> SHALL, WITHIN 45 DAYS OF RECEIPT OF THE PETITION:

~~(1)~~ <u>(I)</u> DENY THE PETITION IN WRITING, STATING THE REASONS FOR DENIAL; OR

~~(2)~~ <u>(II)</u> APPROVE THE PETITION AND PUBLISH A DESCRIPTION OF THE HANDGUN IN THE MARYLAND REGISTER, INCLUDING NOTICE THAT ANY OBJECTION TO ITS INCLUSION IN THE HANDGUN ROSTER MUST BE FILED WITH THE ~~SUPERINTENDENT~~ <u>BOARD</u> WITHIN 30 DAYS.

<u>(2) IF THE</u> ~~SUPERINTENDENT~~ <u>BOARD FAILS TO DENY OR APPROVE A PETITION WITHIN THE TIME REQUIRED UNDER PARAGRAPH (1) OF THIS SUBSECTION, THE PETITION SHALL BE CONSIDERED DENIED.</u>

~~(E)~~ <u>(F)</u> (1)<u>(I)</u> IF THE ~~SUPERINTENDENT~~ <u>BOARD</u> DENIES A PETITION TO PLACE A HANDGUN ON THE HANDGUN ROSTER, <u>THE BOARD SHALL NOTIFY THE PETITIONER BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED.</u>

<u>(II)</u> THE PETITIONER MAY REQUEST A HEARING WITHIN 15 DAYS FROM THE DATE THAT THE ~~SUPERINTENDENT'S~~ <u>BOARD'S</u> DENIAL LETTER IS ~~MAILED~~ <u>RECEIVED</u>.

(2) THE ~~SUPERINTENDENT~~ <u>BOARD</u> SHALL, WITHIN A REASONABLE TIME NOT TO EXCEED ~~120~~ <u>90</u> DAYS AFTER RECEIVING A

REQUEST FOR A HEARING, BOTH HOLD A HEARING ON THE PETITION AND ISSUE A WRITTEN FINAL DECISION ON THE PETITION.

(3) ~~THE SUPERINTENDENT MAY PERMIT ANY INTERESTED PERSON TO PARTICIPATE AS A PARTY IN THE HEARING~~ THE ~~SUPERINTENDENT~~ BOARD SHALL PROVIDE NOTICE OF THE HEARING IN ACCORDANCE WITH THE ADMINISTRATIVE PROCEDURE ACT.

(4) AT A HEARING HELD UNDER THIS SUBSECTION, THE PETITIONER SHALL ~~SUBMIT EVIDENCE FROM AN EXPERT, SATISFACTORY~~ HAVE THE BURDEN OF PROVING TO THE ~~SUPERINTENDENT~~ BOARD, THAT THE HANDGUN AT ISSUE IS ~~PRIMARILY~~ USEFUL FOR LEGITIMATE SPORTING, LAW ENFORCEMENT, OR SELF-PROTECTION PURPOSES, AND THEREFORE SHOULD BE PLACED ON THE ROSTER.

(5) ANY AGGRIEVED PARTY OF RECORD MAY APPEAL WITHIN 30 DAYS A FINAL DECISION OF THE ~~SUPERINTENDENT~~ BOARD IN ACCORDANCE WITH THE ADMINISTRATIVE PROCEDURE ACT.

(6) NOTHING IN THIS SECTION SHALL BE CONSTRUED AS REQUIRING THE ~~SUPERINTENDENT~~ BOARD TO TEST ANY HANDGUN OR HAVE ANY HANDGUN TESTED AT THE ~~SUPERINTENDENT'S~~ BOARD'S EXPENSE.

~~(5) NOTHING IN THIS SECTION SHALL BE CONSTRUED AS REQUIRING THE SUPERINTENDENT TO TEST ANY HANDGUN OR HAVE ANY HANDGUN TESTED AT THE SUPERINTENDENT'S EXPENSE.~~

~~(6) ONCE A PETITION TO PLACE A PARTICULAR HANDGUN ON THE HANDGUN ROSTER IS DENIED, WITH ALL APPEALS EXHAUSTED, THE SUPERINTENDENT MAY NOT PLACE THAT HANDGUN ON THE HANDGUN ROSTER.~~

~~(F)(1) IF A TIMELY OBJECTION TO PLACEMENT OF A HANDGUN APPROVED BY THE SUPERINTENDENT ON THE HANDGUN ROSTER IS RECEIVED, THE SUPERINTENDENT SHALL, WITHIN 30 DAYS OF RECEIVING THE OBJECTIONS, EITHER DISMISS THE OBJECTIONS IN WRITING OR, BASED UPON THEM, NOT PLACE THE HANDGUN ON THE HANDGUN ROSTER.~~

~~(2) IF THE SUPERINTENDENT DECIDES NOT TO PLACE A HANDGUN ON THE HANDGUN ROSTER BASED UPON OBJECTIONS, THE SUPERINTENDENT SHALL INFORM ANY PETITIONER FOR THAT HANDGUN OF THAT DECISION IN WRITING.~~

~~(G)(1) ANY PETITIONER, OBJECTOR, OR OTHER PARTY AGGRIEVED BY A FINAL DECISION OF THE SUPERINTENDENT MAY, WITHIN 30 DAYS OF THE SUPERINTENDENT'S FINAL DECISION, APPEAL THAT DECISION TO THE CIRCUIT COURT IN ACCORDANCE WITH THE ADMINISTRATIVE PROCEDURE ACT.~~

~~(2) THE SUPERINTENDENT MAY APPEAL AN ADVERSE COURT DECISION TO THE COURT OF SPECIAL APPEALS.~~

443.

WILLIAM DONALD SCHAEFER, Governor                Ch. 533

(h) The Superintendent of the Maryland State Police [and/]or his duly authorized agent or agents shall revoke an issued pistol and revolver dealer's license, by written notification forwarded to the licensee, under any of the following circumstances:

(1) When it is discovered false information or statements have been supplied or made in an application required by this section.

(2) If the licensee is convicted of a crime of violence, in this State or elsewhere, or of any of the provisions of this subtitle, or is a fugitive from justice, or is an habitual drunkard, or is addicted to or an habitual user of narcotics, barbiturates or amphetamines, or has spent more than thirty consecutive days in any medical institution for treatment of a mental disorder or disorders, unless the licensee produces a physician's certificate, issued subsequent to the last period of institutionalization, certifying that the licensee is capable of possessing a pistol or revolver without undue danger to himself or herself, or to others.

(3) IF THE LICENSEE HAS WILLFULLY MANUFACTURED, OFFERED TO SELL, OR SOLD A HANDGUN NOT ON THE HANDGUN ROSTER IN VIOLATION OF § 36-I OF THIS ARTICLE.

SECTION 2. AND BE IT FURTHER ENACTED, That if any provision of this Act or the application thereof to any person or circumstance is held invalid for any reason in a court of competent jurisdiction, the invalidity does not affect other provisions or any other application of this Act which can be given effect without the invalid provision or application, and for this purpose the provisions of this Act are declared severable.

SECTION 3. AND BE IT FURTHER ENACTED, That compliance with the prohibition of this Act against the manufacture for distribution or sale, sale, or offer for sale of handguns is not required until January 1, 1990.

SECTION -3- 4. AND BE IT FURTHER ENACTED, That this Act shall take effect July 1, 1988.

Approved May 23, 1988.

----------