# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

LANA RAE RENNA, et al.,

    Plaintiffs,

vs.

XAVIER BECERRA, et al.,

    Defendants.

Case No. 20-cv-2190-DMS-DEB

**DECLARATION OF JOSEPH OSTINI IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date / Time: TBD
Courtroom: 13A
Judge: Hon. Dana M. Sabraw

1

## I. DECLARATION OF JOSEPH OSTINI

I, Joseph Ostini, declare as follows:

1. I am not a party in the above-titled action. I am over the age of 18, have personal knowledge of the facts referred to in this declaration, and am competent to testify to the matters stated below.

2. I am a licensed attorney in the state of California.

3. I have reviewed and I am familiar with the various firearms definitions contained under the California Penal Code.

4. From November 8, 2020, to November 30, 2020, I conducted an Internet search of all new commercially available firearms for sale to U.S. residents.

5. This search was conducted specifically by reviewing the websites of most readily identified major firearms manufacturers within the U.S. As part of my search, I identified 40 different handgun manufacturers in the U.S., which include most of the largest manufacturers of different types of handguns in the U.S.

6. In conducting this search, I reviewed Cal. Penal Code sec. 31900, 31905, and 31910 et seq. Specifically, I identified semiautomatic pistols and revolvers and searched to see how many different types of handguns from these manufacturers are commercially available for purchase to residents in a majority of states and yet are banned by California's roster requirements.

7. In analyzing these Penal Code sections, I applied the law to the prohibited features and stated exceptions that these firearms possessed. I then made a determination of which handguns were likely prohibited by California's roster requirements.

8. Attached as **Exhibit 1** is a true and correct copy of a table I created listing the numerous firearms that are prohibited in California but freely available for sale in much of the U.S. This table is supported by the embedded hyperlinks illustrating the handguns available for sale and by their model numbers.

9. In reviewing the 40 different manufacturers of pistols, I identified and catalogued which pistols available for sale are on the California roster and which ones are not.

10. Below is a list of hyperlinks to websites containing additional relevant information on which I relied concerning the handguns which are commercially available throughout the country but banned under California's handgun roster:

https://oag.ca.gov/firearms/certified-handguns/search ("Handguns Certified for Sale" in California)

https://oag.ca.gov/sites/all/files/agweb/pdfs/firearms/forms/op.pdf ("California's Roster of Exempted Olympic Competition Pistols")

https://www.moneytalksnews.com/slideshows/the-biggest-gun-companies-in-the-u-s-market/ ("The Biggest Gun Companies in the U.S. Market")

https://web.archive.org/web/20181124171330/http://www.calgunsfoundation.org/roster ("California DOJ's Handgun Roster, Microstamping Requirement, and Legal Action Against Them")

## II. ANALYSIS

### A. Off-Roster Handguns Are Commonly Sold Outside of California.

Throughout the United States, handguns not listed on California's roster are commonly bought and sold. Only a few states have anything even remotely similar to California's roster. It is worth noting that most Americans that purchase handguns outside of California do not purchase California-roster handguns because they are viewed as outdated. This is because very few new models of semiautomatic handguns are available for purchase to California residents.

A few exceptions do exist, such as the Olympic Pistol exception and buying handguns on the used market from former law enforcement via a private-party sale exception. *See e.g.*, Pen. Code § 32105. But these sales and exceptions make up an exceedingly small percentage of the total handguns sold within California.

In addition, it is worth noting that modern semiautomatic handguns are not on the roster. For example, the Generation 5 Glock fetches a premium price when available for sale to California residents via the private-party law-enforcement exception, which, again, is an exception largely unavailable to the ordinary Californian. As a result, this limits the class of people that can buy modern handguns.

Lastly, the provided data shows that the overwhelming majority of handguns for sale in the United States are not on the roster. As a result, off-roster handguns are the norm outside of California. Therefore, these modern off-roster handguns are in common use throughout the United States.

### B. The Number of Firearms on the Roster Is Dropping Steadily

The number of firearms on the California roster is dropping steadily. Presently, approximately 805 handguns are listed on the roster. However, many of these handguns are virtually identical to one another. Small cosmetic differences are enough to make the firearms technically different firearms under the law, thus requiring a separate roster entry in order to be legal for purchase.

In addition, every year, handguns are removed from the roster for a variety of reasons. To be kept on the roster, a manufacturer must annually reapply to the roster and pay a fee. For many manufacturers, compliance is not worth the effort or

profitable enough to warrant the time and resources necessary to meet these requirements annually. In addition, the firearms industry is constantly evolving. Firearms companies change hands, go out of business, or abandon old designs because changes in technology or regulations no longer make them profitable. Consequently, these companies do not renew their handguns on the roster, and those handguns are removed from the roster, further reducing the available lot.

The decertified handguns are not being replaced with new or additional substitutes. In fact, it is widely known that no new handguns have been added to the roster since 2013, when California added the controversial "microstamping" requirement.[1] And, significantly, under newly enacted legislation (AB 2847), the DOJ must remove three of the "non-compliant" or "grandfathered" handgun models from the roster for every new "compliant" handgun model added to the roster. This new mandate will inevitably result in further reducing the roster of available handguns for ordinary Californians. Indeed, as more "grandfathered" handguns fall off the roster because either the manufacturer cannot renew the certification due to changes in the handgun's design or features that render it "noncompliant" or the manufacturer simply elects not to renew the certification in favor of investing its

---

[1] Cal. Penal Code § 31910(b)(7)(A).

resources into more modern models, the total number of guns on the roster could shrink to an exceedingly small number, possibly even to zero, in the coming years.

It is worth noting that federal courts in recent years—including the U.S. Supreme Court—have recognized more clearly the right to bear arms. One need look only to the two most prominent Supreme Court cases in recent years to recognize this. *McDonald* and *Heller* indicated that universal handgun bans are unconstitutional. It is reasonable to conclude that California's roster could be viewed as a de facto handgun ban and thus unconstitutional under the same legal reasoning.[2]

In conducting my survey of 40 different firearms manufacturers, I consulted various trade publications to determine which are the most popular and largest manufacturers of handguns in the United States. After consulting these trade publications, I went to the websites of these 40 manufacturers to determine approximately how many of their handguns are on California's roster. While no uniform method of identifying the available firearms models currently exists, one can quickly ascertain that the vast majority of the surveyed handguns are not on the roster.

---

[2] *McDonald v. City of Chicago*, 561 U.S. 742 (2010); *Heller v. District of Columbia*, 554 U.S. 570 (2008).

Specifically, of the 40 manufacturers surveyed, I identified a total of 2,818 different models of handguns. Of those, only 699 models were included on the roster during the time period that I conducted this survey (November 8, 2020 to November 30, 2020), while the other 2,119 models were excluded from the roster. Thus, more than two-thirds (66%) of the surveyed handguns were excluded. Certainly, more available handgun models exist that do not possess the feature and design requirements necessary for roster inclusion. Many small manufacturers of firearms which my survey did not address have not gone through the effort to maintain their firearms on the roster because of the expenses and effort involved. In any complete survey of all handgun manufacturers and their handguns, it is quite likely the results would show that the percentage of otherwise commercially available handguns actually excluded from California's roster is substantially higher. Therefore, an exclusion percentage of 66% represents an optimistic view of the percentage of handguns which are widely available throughout the country but which ordinary California residents cannot lawfully purchase or even self-manufacture.

## IV.   Conclusion

In analyzing California's handgun roster, we must conclude that the roster has the effect of allowing California residents to buy (and self-manufacture) only a small

percentage of the total kinds of commonly used handguns available for sale. In addition, we can conclude that only a few states, like Maryland and Massachusetts, have a roster like California's and that this class of laws is of a very recent legal vintage. The ultimate effect of California's roster, limiting access to new handguns, coupled with the state's concomitant heavy regulation of self-made firearms, is to render it nearly impossible for ordinary Californians to obtain modern handguns otherwise in common use across the country.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed within the United States on February 11, 2021.

                                                  */s/ Joseph Ostini*
                                                  Joseph Ostini, Esq.