ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
RITA B. BOSWORTH
Deputy Attorney General
State Bar No. 234964
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3592
  Fax:  (415) 703-5480
  E-mail:  Rita.Bosworth@doj.ca.gov
*Attorneys for Defendants Attorney General Rob Bonta and Director of the Bureau of Firearms Luis Lopez, in their official capacities*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANA RAE RENNA et al.,**<br><br>                      Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California; and LUIS LOPEZ, in his official capacity as Director of the Department of Justice Bureau of Firearms,**<br><br>                      Defendants. | Case No. 3:20-cv-02190-DMS-DEB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS UNDER RULE 41 FOR FAILURE TO PROSECUTE**<br><br>Date:        May 27, 2022<br>Time:       1:30 p.m.<br>Courtroom:  13A<br>Judge:      Hon. Dana M. Sabraw<br>Trial Date:  3/20/2023<br>Action Filed: 11/10/2020 |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Defendants bring this motion to dismiss Plaintiff Richard Bailey from the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff Bailey has not responded to Defendants' discovery requests, in violation of Federal Rule of Civil Procedure 33(b)(2). His failure to communicate or engage in the discovery process led his counsel to withdraw from representing him, and he has not responded to Defendants' communications regarding whether he wishes to remain in the case. His failure to move the litigation forward is grounds for dismissal. The other plaintiffs in this case take no position on this motion.

## PROCEDURAL HISTORY

On November 10, 2020, nineteen plaintiffs, including Richard Bailey, filed the instant action through their counsel. ECF 1. Plaintiffs alleged that several provisions of California's Unsafe Handgun Act ("UHA"), specifically those relating to the roster of handguns, violate the Second Amendment and the Equal Protection Clause. ECF 10.

Defendants filed a motion to dismiss the case, which the Court granted in part and denied in part on April 23, 2021. ECF 17. The Court permitted Plaintiffs to proceed on the single issue of whether Assembly Bill 2847, which generally requires that for each new handgun added to the roster, three grandfathered handguns which do not meet current requirements for inclusion on the roster be removed, violates the Second Amendment. *Id.*

After the Court ruled that the case could proceed on the three-for-one issue, the parties agreed upon, and the Court ordered, a discovery plan. ECF 30. The Court's order states that all fact discovery shall be completed by April 22, 2022. *Id.* at 1. On December 15, 2021, Defendants sent requests for admission, interrogatories, and requests for production to each plaintiff, including Richard

2

1  Bailey, through their counsel.  Plaintiffs' counsel received the requests and drafted
2  responses on behalf of all plaintiffs, including Mr. Bailey, but Mr. Bailey did not
3  respond to their communications or participate in the process.  ECF 35-1.
4  Plaintiffs' counsel attempted to reach Mr. Bailey by email, phone, and text nine
5  times between January 18, 2022, and February 12, 2022, but they received no
6  response.  *Id.*  Plaintiffs' counsel informed Defendants that they were unable to get
7  in touch with Mr. Bailey, and on February 16, 2022, Plaintiffs' counsel filed a
8  motion to withdraw from representing Mr. Bailey, citing his lack of communication
9  with counsel and failure to participate in the discovery process.  ECF 35.  The
10 Court granted the motion to withdraw on February 23, 2022.  ECF 36.

On April 4, 2022, undersigned counsel called and spoke to Mr. Bailey by telephone.  Declaration of Rita Bosworth at ¶ 2.  Mr. Bailey was unaware that he was no longer represented by counsel, and he asked for additional time to consider his options.  *Id.*  He asked undersigned counsel to email him a stipulation to withdraw, which undersigned counsel did on April 4, 2022.  *Id.*  He said he would get back to undersigned counsel, but he did not.  *Id.*  On April 11, 2022, undersigned counsel again emailed Mr. Bailey the stipulation, and also left him a voicemail on his cell phone.  *Id.*  As of the date of this filing, Mr. Bailey still has not responded to undersigned counsel's communications, nor has he responded to the outstanding discovery request.

## ARGUMENT

### I. THE CASE AS TO PLAINTIFF RICHARD BAILEY SHOULD BE DISMISSED FOR FAILURE TO PROSECUTE

Rule 41(b) of the Federal Rules of Civil Procedure governs the effect of an involuntary dismissal as follows:

> If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under subdivision (b) and any dismissal not under this rule—except one for lack of

3

Memorandum of Points and Authorities in Support of Motion to Dismiss Under Rule 41 for Failure to Prosecute (3:20-cv-02190-DMS-DEB)

>jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Under Rule 41(b), a district court may dismiss an action for failure to comply with any order of the court. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1260 (9th Cir. 1992).

In considering whether to grant a Rule 41(b) motion to dismiss for failure to prosecute, the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Luna Distributing LLC v. Stoli Group USA LLC*, 835 Fed. Appx. 224, 226 (9th Cir. 2020) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).  A dismissal may be affirmed "where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Id.* (citation omitted).  Weighing these factors warrants dismissal of this action.

The first two factors strongly support dismissal.  "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Mr. Bailey is in violation of Federal Rule of Civil Procedure 33(b)(2), which requires the responding party to serve answers or objections to interrogatories within 30 days after being served.  The responses were due on January 15, 2022, yet they remain outstanding.  In addition to failing to timely respond to defendants' discovery request, Mr. Bailey has failed to communicate at all with his previous counsel, leading them to withdraw from representing him.  He has also failed to respond to communications from undersigned counsel regarding how he planned to proceed in the case.  The court-ordered fact discovery cutoff is April 22, 2022, and Mr. Bailey's failure to respond in a timely manner—or at all—threatens to delay the case should he decide to remain a party.  For these reasons, Mr. Bailey has prevented the instant case from moving toward disposition, he has interfered with the public's interest in the

4

Memorandum of Points and Authorities in Support of Motion to Dismiss Under Rule 41 for Failure to Prosecute (3:20-cv-02190-DMS-DEB)

expeditious resolution of this litigation, and has hindered the Court's ability to manage its docket. These factors weigh heavily in favor of dismissal.

The third factor concerns the risk of prejudice to the defendants. Although it does not appear that Defendants have suffered any substantial harm from Mr. Bailey's conduct yet, "the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant." *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

The fourth factor requires consideration of the public policy favoring disposition of cases on the merits. "Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Here, Mr. Bailey has been dilatory and has failed to meet his responsibility to move the case towards disposition at a reasonable pace.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. However, "[t]here is no requirement that every single alternative remedy by examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required." *Morris*, 942 F.2d at 652. This Court already granted a motion by Mr. Bailey's previous counsel to withdraw from representing him due to his failure to communicate or participate in the case. Mr. Bailey was not responsive to his attorney, and now that he is representing himself, he is not responding to Defendants' counsel either. There does not appear to be any other available "less drastic" sanction that would succeed in motivating Mr. Bailey to participate in the case, and this factor therefore weighs in favor of dismissal.

In light of the procedural history of this case and the factors weighing in favor of dismissal, this Court should dismiss the case as to Plaintiff Richard Bailey for

5

Memorandum of Points and Authorities in Support of Motion to Dismiss Under Rule 41 for Failure to Prosecute (3:20-cv-02190-DMS-DEB)

failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (footnote omitted)); *see also* Fed. R. Civ. P. 41(b).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the case be dismissed with prejudice as to Plaintiff Richard Bailey for failure to prosecute.

Dated: April 25, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*s/ Rita B. Bosworth*

RITA B. BOSWORTH
Deputy Attorney General
*Attorneys for Defendants*

SA2020304764