1  Raymond M. DiGuiseppe
   The DiGuiseppe Law Firm, P.C.
2  4320 Southport-Supply Road, Suite 300
   Southport, NC 28461
3  P: 910-713-8804
   E: law.rmd@gmail.com
4
   Michael P. Sousa
5  LAW OFFICES OF MICHAEL P. SOUSA, APC
   3232 Governor Dr., Suite A
6  San Diego, CA 92122
   P: 858-453-6122
7  E: msousa@msousalaw.com

8  Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| Lana Rae Renna, et al, | Case No.: 20-cv-2190-DMS-DEB |
|---|---|
| Plaintiffs, | |
| v. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| Robert Bonta, Attorney General of California, et al, | |
| Defendants. | Complaint filed: November 10, 2020<br>First Amended Complaint filed: Jan. 4, 2021<br>Second Amended Complaint filed: Aug. 22, 2022 |
| | Date: October 7, 2022<br>Time: 1:30 p.m.<br>Department: 13A<br>Hon.: Dana M. Sabraw |

**To the court, all parties, and their attorneys of record:**

Notice is hereby given that on October 7, 2022, at 1:30 p.m. Department 13A of the above-captioned Court, located at 333 West Broadway, San Diego, California 92101, Plaintiffs will move for a temporary restraining order and a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure. Specifically, Plaintiffs will seek an order enjoining Defendants Attorney General Rob Bonta and his agents, servants, employees, and those working in active concert with him, as well as Director Luis Lopez of the California Department of Justice Bureau of Firearms and his agents, servants, employees, and those working in active concert with him, from enforcing or giving effect to Civil Procedure Code § 1021.11 and Penal Code § 29185, as amended by AB 1621, during the pendency of this action.

Plaintiffs bring this motion because those provisions of California law violate a bevy of constitutional rights. Starting with Civil Procedure Code § 1021.11, that new provision imposes onerous attorney's fee liability on any plaintiffs and their attorneys who challenge any California gun law and—for whatever reason do not prevail on each and every claim they bring. It violates the First Amendment right to petition, is unconstitutionally viewpoint discriminatory, is preempted by federal law, and violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

Turning to Penal Code § 29185, as amended by AB 1621, that new law bans the acquisition, use, and mere possession of Computerized Numerical Code (CNC) milling machines commonly used in the process of self-manufacturing or assembling constitutionally protected arms for lawful purposes. It violates the history and tradition of the Second Amendment as interpreted by the Supreme Court in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

<u>Importantly, this ban under § 29185 and its effect of forcing Plaintiff Ruebe and all similarly situated members of Institutional Plaintiffs to surrender their CNC milling machines or face criminal prosecution becomes effective **September 28, 2022**, thus requiring resolution of this motion as expeditiously as possible.</u>

The motion is based on this notice of motion and motion, the memorandum of points and authorities field concurrently with this motion, the Second Amended Complaint, any other pleadings or records already on file, and any other documents the Court deems appropriate at or before the time of the hearing. For the reasons provided in those documents, the motion should be granted and an injunction entered.

Dated: September 8, 2022             The DiGuiseppe Law Firm, P.C.


By  /s/ *Raymond M. DiGuiseppe*
    Raymond M. DiGuiseppe
    Attorneys for Plaintiffs