ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
GABRIELLE D. BOUTIN, SBN 267308
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-6053
  Fax:  (916) 324-8835
  E-mail:  Gabrielle.Boutin@doj.ca.gov
*Attorneys for Defendants Attorney General Rob Bonta and Acting Director of the Bureau of Firearms Blake Graham, in their official capacities*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANA RAE RENNA et al.,**<br><br>                    Plaintiffs,<br><br>v.<br><br>**ROB BONTA, in his official capacity as Attorney General of California; and BLAKE GRAHAM, in his official capacity as Acting Director of the Department of Justice Bureau of Firearms,**<br><br>                    Defendants. | Case No. 3:20-cv-02190-DMS-DEB<br><br>**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:          November 18, 2022<br>Time:         1:30 p.m.<br>Courtroom:  13A<br>Judge:        Hon. Dana M. Sabraw<br>Trial Date:   None set<br>Action Filed: 11/10/2020 |

**TABLE OF CONTENTS**

Page

Notice of Motion and Motion........................................................................................1
Memorandum of Points and Authorities......................................................................3
Introduction ..................................................................................................................3
Background...................................................................................................................4
    I.    The California Unsafe Handgun Act and Penal Code Section 32110(h) ........................................................................................................4
    II.   In 2018, the Ninth Circuit Affirms the Constitutionality of the UHA, Including Section 32110(h,) in *Pena v. Lindley* ........................5
    III.  Plaintiffs' First Amended Complaint ......................................................5
    IV.  This Court Dismisses Plaintiff's Equal Protection Challenge to the UHA and Section 32110(h)....................................................................6
    V.   The Supreme Court Decides *Bruen* .......................................................7
    VI.  Plaintiffs' Second Amended Complaint ................................................7
Legal Standard..............................................................................................................7
Argument......................................................................................................................8
Conclusion..................................................................................................................10

i

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Albright v. Oliver*
    510 U.S. 266 (1994) ................................................................................... 9

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ................................................................................... 8

*Country Classic Dairies, Inc. v. State of Mont., Dep't of Com. Milk Control Bureau*
    847 F.2d 593 (9th Cir. 1988) ................................................................. 8, 9

*Fiscal v. City and County of San Francisco*
    158 Cal. App. 4th 895 (Ct. App. 2008) .................................................... 4

*Freeman v. City of Santa Ana*, 68 F.3d 1180 (9th Cir. 1995) ........................ 8

*Johnson v. Riverside Healthcare Sys., LP*
    534 F.3d 1116 (9th Cir. 2008) .................................................................. 8

*Lazy Y Ranch Ltd. v. Behrens*
    546 F.3d 580 (9th Cir. 2008) .................................................................... 8

*N. Star Int'l v. Ariz. Corp. Comm'n*
    720 F.2d 578 (9th Cir. 1983) .................................................................... 7

*New York State Rifle & Pistol Association, Inc., v. Bruen*
    __ U.S. __ (2022) .......................................................................... 3, 7, 8, 9

*Orin v. Barclay*
    272 F.3d 1207 (9th Cir. 2001) .................................................................. 9

*Pena v. Lindley*
    898 F.3d 969 (2018) .......................................................................... *passim*

*Silveira v. Lockyer*
    312 F.3d 1052 (9th Cir. 2002) .................................................................. 9

*Teixeira v. Cnty. of Alameda*
    822 F.3d 1047 (9th Cir. 2016) .................................................................. 9

ii

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Teixeira v. Cnty. of Alameda*
   873 F.3d 670 (9th Cir. 2017) ................................................................................9

**STATUTES**

United States Code, Title 42
   § 1983 ....................................................................................................................1

California Penal Code
   § 31910 .................................................................................................................4
   § 31910(b)(4)–(6) ................................................................................................4
   § 32000(a) ............................................................................................................4
   § 32000(b) ............................................................................................................4
   § 32015(a) ............................................................................................................4
   § 32100 .................................................................................................................4
   § 32105 .................................................................................................................4
   § 32110 .................................................................................................................4
   § 32110(h) .....................................................................................................*passim*

California Unsafe Handgun Act .................................................................................*passim*

**CONSTITUTIONAL PROVISIONS**

First Amendment ........................................................................................................9

Second Amendment ...........................................................................................*passim*

Fourteenth Amendment ..............................................................................................7

United States Constitution Equal Protection Clause .........................................*passim*

**COURT RULES**

Federal Rules of Civil Procedure, Rule 12(b)(6) .............................................. 1, 7, 8

iii

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on November 18, 2022 at 1:30 p.m., before the Honorable Dana M. Sabraw in Courtroom 13A of the United States District Court for the Southern District of California, located at 333 West Broadway in San Diego, California, 92101, Defendants California Attorney General Rob Bonta in his official capacity as Attorney General, and Blake Graham, in his official capacity as Acting Director of the California Department of Justice Bureau of Firearms, will and hereby do move this Court to dismiss Count Three of the Second Amended Complaint for Injunctive and Declaratory Relief (SAC) pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion to dismiss is made based on the grounds that Count Three in the SAC fails to state a claim upon which relief can be granted because California's Unsafe Handgun Act, including California Penal Code section 32110(h), does not violate 42 U.S.C. § 1983 or the Equal Protection Clause of the United States Constitution.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the papers and pleadings on file, and on such matters that may be submitted before or at the hearing.

1

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

| | | |
|---|---|---|
| 1 | Dated:  October 5, 2022 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | ANTHONY R. HAKL<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | *s/ Gabrielle D. Boutin* |
| 6 | | GABRIELLE D. BOUTIN<br>Deputy Attorney General |
| 7 | | *Attorneys for Defendants Attorney General Rob Bonta and Acting Director of the Bureau of Firearms Blake Graham, in their official capacities* |

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This case involves constitutional challenges to California's Unsafe Handgun Act (UHA), which regulates the sale and manufacture of handguns in California. In this motion, Defendants seek the dismissal of the Third Count in the Second Amended Complaint (SAC). That claim alleges that the UHA impermissibly discriminates by creating an exception in Penal Code section 32110(h) permitting the sale of otherwise prohibited handguns for use solely as props in film productions.

This Court previously dismissed the same claim from Plaintiffs' First Amended Complaint, correctly ruling that the Court is bound by the Ninth Circuit's holding in *Pena v. Lindley*, 898 F.3d 969 (2018) that section 32110(h) does not violate equal protection. *See* ECF No. 17 at 5-6. The Court denied Plaintiffs leave to amend because, due to *Pena*, amendment was, and continues to be, futile.

Earlier this year, the United States Supreme Court issued its opinion in *New York State Rifle & Pistol Association, Inc., v. Bruen,* __ U.S. __, 142 S.Ct. 2111 (2022), establishing a new analytical framework for *Second Amendment* claims. Thereafter, the parties here stipulated that Plaintiffs would amend the First Amended Complaint. Plaintiffs filed the SAC that includes not only reformulated Second Amendment claims, but also a restatement of their previously dismissed equal protection claim in the Third Count. Crucially, however, *Bruen* did not address any equal protection claims or in any way alter the applicable law for equal protection claims. *Pena* therefore remains binding authority on Plaintiffs' equal protection challenge to the UHA based on section 32110(h).

Plaintiffs' Third Claims should once again be dismissed without leave to amend.

3

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

# BACKGROUND

## I. THE CALIFORNIA UNSAFE HANDGUN ACT AND PENAL CODE SECTION 32110(H)

The UHA prohibits the manufacture or sale (but not the possession) of any "unsafe handgun" in California. Cal. Penal Code § 32000(a).[1] The California Legislature passed the UHA in 1999 to address the issue of handguns sales in a comprehensive manner with the aims of reducing handgun crime as well as promoting handgun consumer safety. *Fiscal v. City and County of San Francisco*, 158 Cal. App. 4th 895, 912–14 (Ct. App. 2008).

The UHA initially defined an unsafe handgun as "any pistol, revolver, or other firearm capable of being concealed upon the person," that fails to meet certain firing criteria or drop safety requirements. § 31910. The UHA directs the California Department of Justice (DOJ) to maintain a roster listing "all of the handguns that have been tested by a certified testing laboratory, have been determined not to be unsafe handguns, and may be sold in this state" (Roster). § 32015(a).

Since 2007, "unsafe handguns" have also included any pistol that is not already on the Roster and that lacks any of three technical safety features: a chamber load indicator, a magazine disconnect mechanism, and microstamping. *See* § 31910(b)(4)–(6); *Pena v. Lindley*, 898 F.3d 969, 974 (2018).

The UHA enumerates several exceptions to its prohibition of the sale and manufacture of unsafe handguns. *See* §§ 32000(b), 32100, 32105, 32110. These include the exception in section 32110(h), the statute Plaintiffs challenge in the Third Count of the SAC. Section 32110(h) provides that the Penal Code sections defining and governing unsafe handguns "shall not apply to . . . [t]he sale, loan, or transfer of any semiautomatic pistol that is to be used solely as a prop during the

---

[1] Further statutory references are to the California Penal Code unless otherwise indicated.

4

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

course of a motion picture, television, or video production by an authorized participant therein in the course of making that production or event or by an authorized employee or agent of the entity producing that production or event." § 32110(h).

## II. IN 2018, THE NINTH CIRCUIT AFFIRMS THE CONSTITUTIONALITY OF THE UHA, INCLUDING SECTION 32110(H,) IN *PENA V. LINDLEY*

In the 2018 *Pena* decision, the Ninth Circuit affirmed the constitutionality of most of the UHA provisions at issue in the present action. *Compare Pena*, 898 F.3d 969 *and* SAC. Most pertinent for the purposes of this motion, the court specifically considered and rejected an equal protection challenge to the UHA based on the exception in section 32110(h). *Pena*, 898 F.3d at 986–87.

In *Pena*, the plaintiffs claimed that the UHA's requirement that new firearms for sale include the three safety features—a chamber load indicator, magazine disconnect mechanism, and the microstamping—violates the Equal Protection Clause because certain sales, including those described in section 32110(h), are exempt from those requirements. *Id*. The Ninth Circuit disagreed. *Id.* at 986. The court explained that rational basis review applied, and plaintiffs failed to carry their burden to demonstrate that the UHA's differential treatment lacked a rational basis. *Id*. With respect to the exception in 32110(h), specifically, the court concluded that "the video-production exemption is rational because those weapons, one anticipates, are not intended to be used for live fire." *Id.* at 987. In other words, firearms sold under section 32110(h) are not intended to be used as weapons and therefore do not pose the same threat to public safety. *See id.*

## III. PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs filed this action on November 10, 2020. ECF No. 1. In their First Amended Complaint, Plaintiffs brought two causes of action. ECF No. 10. In the first claim, Plaintiffs alleged that various provisions of the UHA violate the Second Amendment. As this Court summarized, plaintiffs alleged that the "UHA's roster

5

and its limitations on the sale and transfer of handguns in California, including its requirements for safety features and the provisions by which handguns are removed from the roster," are unconstitutional. ECF No. 17 at 5. In the second claim, Plaintiffs alleged that, based on the exception in section 32110(h), the UHA violates the Equal Protection Clause because the exception for firearms used only as props in film productions impermissibly discriminates against other firearms sales transactions. ECF No. 10 at 50–53.

### IV. THIS COURT DISMISSES PLAINTIFF'S EQUAL PROTECTION CHALLENGE TO THE UHA AND SECTION 32110(H)

Defendants moved to dismiss both claims in the FAC. ECF No. 12 at 1. On April 23, 2021, this Court granted in part and denied in part Defendants' motion. ECF No. 17.

The Court dismissed Plaintiffs' equal protection challenge, explaining that in *Pena*, the Ninth Circuit rejected a challenge to section 32110(h) that was "functionally identical" to the one raised by Plaintiffs. ECF No. 17 at 5–6. The Court stated that Plaintiffs' arguments "are foreclosed by *Pena* and therefore rejected." And, "[a]lthough Plaintiffs contend *Pena* was wrongly decided, it constitutes binding precedent on this Court." *Id.* at 6.

With respect to the Second Amendment claim, the Court held that Plaintiffs' challenge to the UHA's safety feature requirements was also foreclosed by *Pena*. *Id.* at 5–6. However, the Court denied Defendants' motion to dismiss with respect to Plaintiff's challenge to the UHA provision requiring that DOJ remove three handguns from the Roster for every handgun added. *Id.* at 12.

The Court denied Plaintiffs leave to amend the dismissed claims on the ground that they "are foreclosed by binding Ninth Circuit precedent in *Pena*" and therefore "cannot possibly be cured by the allegation of other facts." *Id.* at 15.

6

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

The parties set a trial date and proceeded with discovery and expert disclosures, preparing to litigate the remaining component of Plaintiff's Second Amendment claim. *See* ECF No. 30 (Scheduling Order).

## V. THE SUPREME COURT DECIDES *BRUEN*

On June 23, 2022, the Supreme Court issued its opinion in *New York State Rifle & Pistol Association, Inc., v. Bruen,* __ U.S. __, 142 S.Ct. 2111 (2022), which established a new framework for analyzing Second Amendment claims. In light of *Bruen*, the Court granted the parties' joint motion to vacate the scheduling order and permitted Plaintiffs to file a Second Amended Complaint. ECF No. 46.

The only claim at issue in *Bruen* was the plaintiffs' Second Amendment claim[2] challenging the State of New York's law regarding licenses for concealed carry of handguns. *See Bruen*, 142 S.Ct at 2122-2134. The *Bruen* opinion therefore does not address or discuss any equal protection claim or otherwise address or discuss equal protection jurisprudence. *See id.*

## VI. PLAINTIFFS' SECOND AMENDED COMPLAINT

On August 22, 2022, Plaintiffs filed the SAC, which includes seven causes of action. *See* SAC, ECF No. 49. Defendants move to dismiss only Count Three. That claim resuscitates the same equal protection challenge to the UHA based on the exception in section 32110(h) that this Court previously dismissed. *See* SAC at 58-61. Plaintiffs once again allege that the UHA's exception for the sale of firearms used only as props in film productions impermissibly discriminates against other firearms sales transactions. *Id.*

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

---

[2] *Bruen* refers to the Fourteenth Amendment, but only in the context of it applying the Second Amendment's protections to the states. However, the opinion does not refer to any other portion of the Fourteenth Amendment, including the Equal Protection Clause.

7

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

To survive a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A Rule 12(b)(6) dismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation omitted). The court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

## ARGUMENT

This Court should once again dismiss Plaintiffs' equal protection challenge to section § 32110(h) because *Pena* remains the binding authority on that claim. *Bruen* altered the analytical framework only for claims arising under the Second Amendment. *See Bruen*, 142 S.Ct at 2122-2134. *Bruen* did not address any equal protection claim, did not alter the applicable framework for analyzing equal protection claims, and did not otherwise abrogate the equal protection analysis in *Pena* that is binding here. *See id.* And, under *Pena*, the UHA and its exception in section 32110(h) for the sale of handguns used solely as props do not violate Plaintiffs' rights under the Equal Protection Clause. *Pena*, 898 F.3d at 986–87.

This ruling in *Pena* is not only binding here, it is correct. Equal protection is concerned only with "law [being] applied in a discriminatory manner or impos[ing] different burdens on different classes of people." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995). "The first step in equal protection analysis is to identify the state's classification of groups." *Country Classic Dairies, Inc. v. State of Mont., Dep't of Com. Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988). Plaintiffs allege that the two groups are: (1) "authorized" persons purchasing handgun for use as props in film, television, or video productions, and (2) all other handgun purchasers. SAC at 59-60 (quoting § 32110(h)).

8

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

The next step in equal protection analysis is to determine the level of scrutiny. *Country Classic Dairies*, 847 F.2d at 596. "[I]f a legislative act neither affects the exercise of a fundamental right, nor classifies persons based on protected characteristics, then that statute will be upheld 'if the classification drawn by the statute is rationally related to a legitimate state interest.'" *Silveira v. Lockyer*, 312 F.3d 1052, 1088 (9th Cir. 2002) (quoting *Schweiker v. Wilson*, 450 U.S. 221, 230 (1981)).

As the Ninth Circuit concluded in *Pena*, "[t]o the extent that the Equal Protection challenge is based on the Second Amendment's fundamental right to bear arms and the disparate treatment of groups in exercising that right . . . that challenge is subsumed by the Second Amendment inquiry." *Pena*, 898 F.3d at 986. As a subsumed claim, it is not cognizable under the Equal Protection Clause and is thus subject to dismissal. *See id.*; *see also Teixeira v. Cnty. of Alameda*, 822 F.3d 1047, 1052 (9th Cir. 2016), on reh'g en banc, 873 F.3d 670 (9th Cir. 2017) (affirming dismissal of subsumed equal protection claim as while reversing dismissal of Second Amendment claim)[3]; *Orin v. Barclay*, 272 F.3d 1207, 1213 n.3 (9th Cir. 2001) (finding that equal protection claim was "no more than a First Amendment claim dressed in equal protection clothing" and was "subsumed by, and co-extensive with" plaintiff's First Amendment claim); *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims"). Nothing in *Bruen* alters the Ninth Circuit's prior holdings on this point.

---

[3] Following the initial panel decision, plaintiff in *Teixeira* did not seek rehearing of the panel's rejection of his equal protection claims, which the en banc panel, in any event, affirmed. *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 676 (9th Cir. 2017).

9

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

1    Plaintiffs have also failed to plausibly allege the other type of equal protection
2    claim subject to heightened scrutiny, that the challenged law classifies persons
3    based on protected characteristics.  Because Plaintiffs "do not allege that they are
4    part of any suspect or quasi-suspect class," *Pena*, 898 F.3d at 986, and they could
5    not do so in good faith, heightened scrutiny therefore does not apply here.

6    Next, the Ninth Circuit already correctly determined that section 32110(h)
7    satisfies rational basis review.  *Id.* at 986–87.  Under that standard, a law "must be
8    upheld against equal protection challenge if there is any reasonably conceivable
9    state of facts that could provide a rational basis for the classification." *Pena*, 898
10   F.3d at 986 (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)).
11   Here, the Legislature could have, and likely did, determine that a handgun that is
12   purchased by an "authorized" film production participant and that will be used
13   "solely" as a prop does not pose the same threat to public safety as other handguns,
14   because the former are not purchased for use as actual weapons.  *See Pena*, 898
15   F.3d at 987; § 32110(h).  This justification for the statute's distinction easily
16   satisfies rational basis review.  *Pena*, 898 F.3d at 987.

17   Finally, in dismissing Count Three, the Court should once again deny leave to
18   amend.  This Court already dismissed the same claim in the First Amended
19   Complaint with prejudice because *Pena* constituted binding precedent.  ECF.
20   No. 17 at 15.  Because *Pena* remains binding precedent on this issue, any attempt to
21   cure the claim would continue to be futile.

## CONCLUSION

For the reasons above, the Court should dismiss Count Three of the Second
Amended Complaint without leave to amend.

10

Mtn. to Dismiss; Mem. Of Pts. Auth. (3:20-cv-02190-DMS-DEB)

| | | |
|---|---|---|
| 1 | Dated:  October 5, 2022 | Respectfully submitted, |
| 2 | | ROB BONTA<br>Attorney General of California |
| 3 | | ANTHONY R. HAKL<br>Supervising Deputy Attorney General |
| 4 | | |
| 5 | | *s/ Gabrielle D. Boutin*<br>GABRIELLE D. BOUTIN |
| 6 | | Deputy Attorney General<br>*Attorneys for Defendants Attorney* |
| 7 | | *General Rob Bonta and Acting*<br>*Director of the Bureau of Firearms* |
| 8 | | *Blake Graham, in their official*<br>*capacities* |

11

# CERTIFICATE OF SERVICE

Case Name: **Lana Rae Renna et al. v. Rob Bonta**    No. **3:20-cv-02190-DMS-DEB**

I hereby certify that on <u>October 5, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>October 5, 2022</u>, at Sacramento, California.

|  |  |
|---|---|
| Ritta Mashriqi | */s/Ritta Mashriqi* |
| Declarant | Signature |

SA2020304764
36615250.docx