ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
GABRIELLE D. BOUTIN
Deputy Attorney General
State Bar No. 267308
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-6053
  Fax: (916) 324-8835
  E-mail: Gabrielle.Boutin@doj.ca.gov
*Attorneys for Defendants Rob Bonta, in his official capacity as California Attorney General, and Allison Mendoza, in her official capacity as Acting Director of the Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **LANA RAE RENNA et al.,** | 3:20-cv-02190-DMS-DEB |
| Plaintiffs, | **DEFENDANTS' OBJECTIONS TO PLAINTIFFS' EVIDENCE** |
| v. | Date: February 10, 2023<br>Time: 1:30 p.m. |
| **ROB BONTA, in his official capacity as Attorney General of California; and ALLISON MENDOZA, in her official capacity as Acting Director of the Department of Justice Bureau of Firearms,** | Dept: 13A (13th Floor)<br>Judge: The Honorable Dana M. Sabraw<br>Trial Date: None set<br>Action Filed: 11/10/2020 |
| Defendants. | |

1

Defendants hereby submit the following objections to evidence submitted by Plaintiffs in connection with their Motion for Preliminary Injunction or, Alternatively, Motion for Summary Judgment, ECF. No. 71.

### Objections to Declaration of Joseph Ostini

1. Defendants generally object to the entirety of the "Analysis" portion of the declaration (pp. 4 through 9) on the following grounds:

- The evidence constitutes improper lay opinion. Fed. R. Evid. 701.
- The evidence is inadmissible hearsay. Fed. R. Evid. 802.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

2. Defendants object to the statement on page 4: "most Americans that purchase handguns outside of California do not purchase California-roster handguns because they are viewed as outdated."

Defendants object on the following grounds:

- The evidence constitutes improper lay opinion. Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

3. Defendants object to the statement on page 4: "very few new models of semiautomatic handguns are available for purchase to California residents."

Defendants object on the following grounds:

- The evidence constitutes improper lay opinion. Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

4. Defendants object to the statement on page 4: "these sales and exceptions make up an exceedingly small percentage of the total handguns sold within California."

Defendants object on the following grounds:
- The evidence constitutes improper lay opinion. Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

5. Defendants object to the statement on page 5: "modern semiautomatic handguns are not on the roster."

Defendants object on the following grounds:
- The evidence constitutes improper lay opinion. Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

6. Defendants object to the statement on page 5: "the overwhelming majority of handguns for sale in the United States are not on the roster. As a result, off-roster handguns are the norm outside of California."

Defendants object on the following grounds:
- The evidence constitutes improper lay opinion. Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

7. Defendants object to the statement on page 5: "Therefore, these modern off-roster handguns are in common use throughout the United States"

Defendants object on the following grounds:
- The evidence constitutes improper lay opinion. Fed. R. Evid. 701.

- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

8. Defendants object to the statement on page 5: "The number of firearms on the California roster is dropping steadily."

Defendants object on the following grounds:
- The evidence constitutes improper lay opinion.  Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

9. Defendants object to the statement on pages 5-6: "For many manufacturers, compliance is not worth the effort or profitable enough to warrant the time and resources necessary to meet these requirements annually."

Defendants object on the following grounds:
- The evidence constitutes improper lay opinion.  Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

10. Defendants object to the statement on pages 7: "the total number of guns on the roster could shrink to an exceedingly small number, possibly even to zero, in the coming years."

Defendants object on the following grounds:
- The evidence constitutes improper lay opinion.  Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

11. Defendants object to the statement on pages 7: "Many small manufacturers of firearms which my survey did not address have not gone through

the effort to maintain their firearms on the roster because of the expenses and effort involved."

Defendants object on the following grounds:

- The evidence constitutes improper lay opinion.  Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

### Objections to Declaration of John Phillips

12. Defendants object to lines 11 through 14 on page 3: "The Glock G43 is one of the top-selling firearms designed for concealed carry that is in common use throughout the country."

Defendants object on the following grounds:

- The evidence constitutes improper lay opinion.  Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

13. Defendants object to lines 26 through 27 on page 3: "I am further aware that the Sig Sauer 320 is the most popular carry gun in the nation"

Defendants object on the following grounds:

- The evidence constitutes improper lay opinion.  Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

14. Defendants object to lines 18 through 21 on page 4: "a Sig 365, Sig 320 M17, Glock 17 Gen 5 MOS, FN 509, and/or FNX-9 . . . are handguns in common use for self-defense and lawful purposes and widely sold and possessed outside of California."

Defendants object on the following grounds:

- The evidence constitutes improper lay opinion.  Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

### Objections to Declaration of Lana Rae Renna

15. Defendant objects to lines 11 through 14 on page 1: "a Smith & Wesson M&P® 380 SHIELD™ EZ . . .is a handgun in common use for self-defense and other lawful purposes and widely sold and possessed outside of California."

Defendants object on the following grounds:

- The evidence constitutes improper lay opinion.  Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

16. Defendants object to lines 16 through 19 on page 1: "The Smith & Wesson M&P® 380 SHIELD™ EZ is specifically designed for those with limited hand strength.  I would be able to use this gun more safely and accurately that the guns currently available to purchase on Defendants' Roster."

Defendants object on the following grounds:

- The evidence constitutes improper lay opinion.  Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter."  Fed. R. Evid. 602.

**Objections to Declaration of Michael Schwartz**

17. Defendants object to lines 4 through 6 on page 2: "a Glock 19 Gen5 and/or Springfield Armory Hellcat . . . are both handguns in common use for self-defense and other lawful purposes and widely sold and possessed outside of California."

Defendants object on the following grounds:

- The evidence constitutes improper lay opinion. Fed. R. Evid. 701.
- Plaintiffs have failed to introduce evidence "sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

Dated: January 27, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

*/s/ Gabrielle D. Boutin*
GABRIELLE D. BOUTIN
Deputy Attorney General
*Attorneys for Defendants Rob Bonta, in his official capacity as California Attorney General, and Allison Mendoza, in her official capacity as Acting Director of the Department of Justice Bureau of Firearms*