1   ROB BONTA
    Attorney General of California
2   ANTHONY R. HAKL
    Supervising Deputy Attorney General
3   GABRIELLE D. BOUTIN
    Deputy Attorney General
4   State Bar No. 267308
      1300 I Street, Suite 125
5     P.O. Box 944255
      Sacramento, CA 94244-2550
6     Telephone:  (916) 210-6053
      Fax:  (916) 324-8835
7     E-mail:  Gabrielle.Boutin@doj.ca.gov
    *Attorneys for Defendants Rob Bonta, in his*
8   *official capacity as California Attorney*
    *General, and Allison Mendoza, in her official*
9   *capacity as Acting Director of the*
    *Department of Justice Bureau of Firearms*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CIVIL DIVISION

| | |
|---|---|
| **LANA RAE RENNA et al.,** | 3:20-cv-02190-DMS-DEB |
| Plaintiffs, | **RESPONSE TO SEPARATE STATEMENT IN SUPPORT OF DEFENDANTS OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION OR, ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **ROB BONTA, in his official capacity as Attorney General of California; and ALLISON MENDOZA, in her official capacity as Acting Director of the Department of Justice Bureau of Firearms,** | Date:       February 10, 2023<br>Time:       1:30 p.m.<br>Dept:       13A (13th Floor)<br>Judge:      The Honorable Dana M. Sabraw |
| Defendants. | Trial Date:   None set<br>Action Filed:       11/10/2020 |

To the extent the Court reaches Plaintiffs' Motion for Summary Judgment—which the Court should not do, as more fully explained in Defendants' opposition brief—Defendants submit this response to Plaintiffs' Separate Statement of Undisputed Material Facts, ECF No. 71-2 and in opposition to Plaintiffs' Motion for Preliminary Injunction or, Alternatively, Summary Judgment, ECF No. 71.

Facts 1 through 10 below correspond to the facts and supporting evidence presented in Plaintiffs' Separate Statement.  Defendants also submit additional facts in the declarations and other documents filed in support of their opposition to Plaintiffs' motion.  However, as set forth more fully in the Declaration of Gabrielle Boutin in Support of Defendants' Application Pursuant to Fed. R. Civ. P. 56(d), Plaintiffs' motion was filed without notice to Defendants, and the parties have not yet conducted any discovery with respect to the currently operative complaint.

| Plaintiffs' Facts | Plaintiffs' Citations | Response |
|---|---|---|
| 1. California's Unsafe Handgun Act ("UHA") prohibits the retail sale of any handgun that falls within the statutory definition of an "unsafe handgun." | • Cal. Penal Code §§ 32000, 31910. <br>• Defendants' Answer to TAC ¶¶ 69, 70 | Plaintiffs assert a legal conclusion, not a fact. |
| 2. The UHA mandates that DOJ maintain "a roster listing all of the handguns that have been tested by a certified testing laboratory, have been determined not to be unsafe handguns, and may be old" in California, commonly known as the "Roster of Certified Handguns Certified for Sale." | • Cal. Penal Code §§ 32015(a) <br>• State of California Department of Justice, Handguns Certified for Sale, https://oag.ca.gov/firearms/certifiedhandguns/ search. <br>• Defendants' Answer to TAC ¶¶ 69, 70 | Undisputed. |

| | | |
|---|---|---|
| 3. Pursuant to the UHA, licensed firearm dealers may only sell at retail those handguns that appear on the Roster of Handguns Certified for Sale. | • Cal. Penal Code § 32000(a).<br>• Defendants' Answer to TAC ¶¶ 69, 70<br>• Defendants' Answer to TAC ¶ 71 (admitting "the Roster contains less than all of the handgun makes and models commercially available throughout the United States") | Plaintiffs assert a legal conclusion, not a fact. |
| 4. As of October 24, 2022, the Roster included 815 models of handgun. | • Defendants' Answer to TAC ¶ 73 | Undisputed. |
| 5. As of November 9, 2022, the Bureau of Firearm's online list of de-certified handgun models showed that hundreds of models have been decertified since December 31, 2001, and that 33 models have been de-certified in 2022. | • State of California Department of Justice, De-Certified Handgun Models, https://oag.ca.gov/firearms/decertified-handguns<br>• Defendants' Answer to TAC ¶ 78 | Undisputed. |
| 6. Individual Plaintiffs are lawabiding, responsible citizens who may lawfully possess firearms. | • ECF No. 13-14, C. Prince Decl., ¶ 3<br>• ECF No. 13-15, Jaymes Decl., ¶ 3<br>• ECF No. 13-16, D. Prince Decl., ¶ 3<br>• ECF No. 13-17, Spousta Decl., ¶ 3<br>• ECF No. 13-18, Klier Decl., ¶ 3 | Discovery deadlines in this action have been vacated and discovery is ongoing. Defendants have not been afforded the opportunity to develop evidence to dispute fact no. 6. |

3

| | | |
|---|---|---|
| | • ECF No. 13-19, Phillips Decl., ¶ 3<br>• ECF No. 13-20, Smith Decl., ¶ 3<br>• ECF No. 13-21, L. Schwartz Decl., ¶ 3<br>• ECF No. 13-22, M. Schwartz Decl., ¶ 3<br>• ECF No. 13-23, Bailey Decl., ¶ 3<br>• ECF No. 13-25, R. Peterson Decl., ¶ 3 | |
| 7. The individual Plaintiffs want to purchase handguns that are not on the Roster of Certified Handguns Certified for Sale (i.e., "off-Roster handguns") for lawful purposes that are protected by the Second Amendment. Individual Plaintiffs would purchase these off-Roster handguns but for the UHA's restriction on their sale. | • ECF No. 13-14, C. Prince Decl., ¶¶ 6–8<br>• ECF No. 13-15, Jaymes Decl., ¶¶ 7–11<br>• ECF No. 13-16, D. Prince Decl., ¶¶ 8–10<br>• ECF No. 13-17, Spousta Decl., ¶¶ 6–8<br>• ECF No. 13-18, Klier Decl., ¶¶ 7–10<br>• ECF No. 13-19, Phillips Decl., ¶¶ 10–15<br>• ECF No. 13-20, Smith Decl., ¶¶ 5–10<br>• ECF No. 13-21, L. Schwartz Decl., ¶¶ 6–10<br>• ECF No. 13-22, M. Schwartz Decl., ¶¶ 7–12<br>• ECF No. 13-23, Bailey Decl., ¶¶ 6–8 | Plaintiffs' assertion regarding "purposes that are protected by the Second Amendment" is a legal conclusion, not a fact.<br><br>Discovery deadlines in this action have been vacated and discovery is ongoing. Defendants have not been afforded the opportunity to develop evidence to dispute the remaining assertions in fact no. 7. |

|  |  | • ECF No. 13-25, R. Peterson Decl., ¶¶ 8–16 |  |
|---|---|---|---|
|  | 8. The retailer Plaintiffs have customers who are interested in purchasing off-Roster handguns and, but for the UHA, these firearms dealers would sell off-Roster handguns to eligible customers consistent with state and federal law. | • ECF No. 13-16, D. Prince Decl., ¶ 11<br>• ECF No. 13-19, Phillips Decl., ¶ 16<br>• ECF No. 13-25, R. Peterson Decl., ¶ 17<br>• Phillips Decl. ISO Prelim. Inj., ¶¶ 19–20 | Discovery deadlines in this action have been vacated and discovery is ongoing. Defendants have not been afforded the opportunity to develop evidence to dispute fact no. 8. |
|  | 9. The individual Plaintiffs and retailer Plaintiffs are members of each of the organizational Plaintiffs. The organizational Plaintiffs' members desire to purchase (or, in the case of retailers, sell) constitutionally protected arms for self-defense or other lawful purposes are not currently on, or are not eligible to be added to, the Roster. | • ECF No. 13-14, C. Prince Decl., ¶ 4<br>• ECF No. 13-15, Jaymes Decl., ¶ 5<br>• ECF No. 13-16, D. Prince Decl., ¶¶ 4–5<br>• ECF No. 13-17, Spousta Decl., ¶ 5<br>• ECF No. 13-18, Klier Decl., ¶ 6<br>• ECF No. 13-19, Phillips Decl., ¶¶ 4, 6<br>• ECF No. 13-20, Smith Decl., ¶ 4<br>• ECF No. 13-21, L. Schwartz Decl., ¶ 5<br>• ECF No. 13-22, M. Schwartz Decl., ¶ 6<br>• ECF No. 13-23, Bailey Decl., ¶ 5<br>• ECF No. 13-25, R. Peterson Decl., ¶¶ 4–5<br>• Phillips Decl. ISO Prelim. Inj., ¶¶ | Plaintiffs' assertion regarding "constitutionally protected arms" is a legal conclusion, not a fact.<br><br>Discovery deadlines in this action have been vacated and discovery is ongoing. Defendants have not been afforded the opportunity to develop evidence to dispute the remaining assertions in fact no. 9. |

5

| | 19–20<br>• Combs Decl. ISO Prelim. Inj., ¶ 5<br>• Gottlieb Decl. ISO Prelim. Inj., ¶¶ 3–4<br>• M. Schwartz Decl. ISO Prelim. Inj., ¶ 4 | |
|---|---|---|
| 10. The off-Roster handguns that the individual Plaintiffs want to purchase and that the retailer Plaintiffs wish to sell are in common use for lawful purposes in the United States outside of California. | • ECF No. 13-12, Ostini Decl., pp. 1–9<br>• ECF No. 13-13, Ostini Decl., Ex. 1<br>• Phillips Decl. ISO Prelim. Inj., ¶¶ 3–15<br>• This factual allegation is not subject to genuine or reasonable dispute. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ("An issue is 'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party"). | Disputed. Plaintiffs' cited evidence is insufficient to meet their burden to produce prima facie evidence of purported fact. *See Jacobson v. Schwarzenegger*, 650 F. Supp. 2d 1032, 1044 (C.D. Cal. 2009) ("When the moving party has the burden of proof on an issue, e.g., when a plaintiff seeks summary judgment on a claim for relief . . . the moving party's showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party"); *Maynard v. State Farm Mut. Auto. Ins. Co.*, 499 F. Supp. 2d 1154, 1159 (C.D. Cal. 2007); *see also Calderone v. United States,* 799 F.2d 254, 258–59 (6th Cir.1986) (quoting W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 487–88 (1984)); *see also* Defs.' Obj. Nos. 1, 7, 12-15, 17. |

Response to Separate Statement  (3:20-cv-02190-DMS-DEB)

Dated:  January 27, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


*/s/ Gabrielle D. Boutin*
GABRIELLE D. BOUTIN
Deputy Attorney General
*Attorneys for Defendants Rob Bonta,*
*in his official capacity as California*
*Attorney General, and Allison*
*Mendoza, in her official capacity as*
*Acting Director of the Department of*
*Justice Bureau of Firearms*

Response to Separate Statement  (3:20-cv-02190-DMS-DEB)