UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANA RAE RENNA, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>ROBERT BONTA, et al.,<br><br>        Defendants. | Case No.: 20-CV-2190-DMS-DEB<br><br>**ORDER FOLLOWING STATUS CONFERENCE** |

  On April 14, 2023, this matter came before the Court in an informal telephonic conference. The parties disagree on how this matter should proceed. The dispute concerns the stay of enforcement of the preliminary injunction ordered by this Court. (*See* ECF No. 81.) Plaintiffs believe this Court should lift its stay, and should be afforded an opportunity to fully brief whether a stay of enforcement of the preliminary injunction is merited. Defendants respond by stating issuance of a stay was already addressed in briefing, and at argument. Defendants further contend that this Court's Amended Order (ECF No. 81) already made clear enforcement of the preliminary injunction as to the CLI, MDM, microstamping, and three-for-one provisions are stayed pending resolution of an appeal in the Ninth Circuit.

Defendants further advised the Court it intends on filing its appeal in this matter today, April 14, 2023.  "[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001).  An appeal has been "filed" with the court of appeals when the court of appeals issues an order "permitting an appellant to bring an interlocutory appeal." *Id.* (citing Fed. R. App. P. 5(d)(2)).  Thus, this Court retains jurisdiction over its preliminary injunction order until the Ninth Circuit issues an order permitting either party to bring an interlocutory appeal.

Assuming Defendants file its appeal, this Court will be divested of jurisdiction over its Amended Order.  Despite this, both parties in this matter already argued at the hearing held on February 10, 2023 whether stay of enforcement of an order granting a preliminary injunction would be appropriate.  This Court already addressed why a stay is appropriate in its Amended Order.  (*See* ECF No. 81.)

Therefore, the Court **HEREBY ORDERS** its Amended Order is to remain in effect, and enforcement of the preliminary injunction as to California Penal Code §§ 31910 (b)(4), (5), (6) & (7) (CLI, MDM, microstamping, and three-for-one removal provisions) are **STAYED** pending resolution of the appeal to the Ninth Circuit.

**IT IS SO ORDERED.**

Dated:  April 14, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court