Benbrook Law Group, PC
Bradley B. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA  95825
(916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lana Rae Renna; Danielle Jaymes; Laura Schwartz; Michael Schwartz; Robert Macomber; Clint Freeman; John Klier; Justin Smith; John Phillips; Cheryl Prince; Darin Prince; Ryan Peterson; PWGG, L.P.; North County Shooting Center, Inc.; Gunfighter Tactical, LLC; Firearms Policy Coalition, Inc.; San Diego County Gun Owners PAC; Citizens Committee for the Right to Keep and Bear Arms; Second Amendment Foundation; and National Rifle Association of America,<br><br>                    Plaintiffs,<br><br>        v.<br><br>Robert Bonta, Attorney General of California; and Allison Mendoza, Director of the California Department of Justice Bureau of Firearms,<br><br>                    Defendants. | Case No.: 20-cv-2190-DMS-DEB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL COMPLAINT**<br><br>**Fed. R. Civ. P. 15(d)**<br><br>Date: August 7, 2026<br>Time: 1:30 p.m.<br>Courtroom 13A (13th Floor)<br>Hon. Dana M. Sabraw |

---

MEMO. OF POINTS & AUTHORITIES ISO MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL COMPLAINT

**INTRODUCTION**

Plaintiffs respectfully move for leave under Federal Rule of Civil Procedure 15(d) to file and serve the attached Supplemental Complaint, which adds a claim challenging the constitutionality of California Penal Code § 27595(a). California enacted § 27595(a) after this Court enjoined the State's separate handgun ban pursuant to the roster of approved semiautomatic handguns in the so-called Unsafe Handgun Act ("UHA"). Section 27595(a) now purports to ban the sale or transfer of Glock and Glock-style handguns with cruciform trigger bars. Section 27595(a) takes effect on the date of this filing (July 1, 2026).

The Second Amendment protects "the right of the people to keep and bear Arms." U.S. CONST. amend. II. The right of a peaceable individual to possesses—and, as an incident, to acquire—a firearm falls squarely within that constitutional guarantee. *See Wolford v. Lopez*, No. 24-1046, 609 U.S. ----, 2026 WL 1825723, slip op. at *7 (2026) (explaining that the plain-text inquiry asks whether the challenged law applies to "the people," concerns "Arms," and restricts the "keep[ing]" or "bear[ing]" of arms). Once that threshold is satisfied, the government bears the burden of demonstrating that any restriction upon that right is consistent with this Nation's historical tradition of firearm regulation. *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022); *see also Wolford*, slip op. at *7–8. Plaintiffs' operative Fourth Amended Complaint alleges that California's UHA violated the Second Amendment by banning the sale of handguns that are in common use for self-defense and other lawful purposes. This Court held that several provisions of the UHA likely violate the Second Amendment. *See Renna v. Bonta*, 667 F. Supp. 3d 1048, 1060 (S.D. Cal. 2023). The Court concluded that those provisions banned many new models of semiautomatic handguns that are in common use. *Id*. at 1063. And it specifically found that certain Glock handgun models are in common use. *See id*. (discussing the Glock 43 and Glock 17 Gen 5); *see also Boland v. Bonta*, 662 F. Supp. 3d 1077 (C.D. Cal.

2023) (similarly holding that the UHA's requirements likely violate the Second Amendment).

In the wake of this Court's holding, California enacted Assembly Bill 1127, which expands California's handgun ban to (1) encompass *additional* models of Glock and Glock-style handguns that were exempted from the UHA (certain models of Gen3 Glock handguns were grandfathered-in and thus appear on the Roster) and (2) creates a separate ban on Glock handguns already proscribed by the UHA. *See* Cal. Penal Code § 27595(a). All of these models are "Arms" and thus are constitutionally protected. Further, they are in common use. Indeed, they are among the most popular firearms in the nation. Yet if § 27595 is enforced, Californians will have no practical way to acquire them.

California's decision to create a new and separate ban in § 27595 to prohibit additional, commonly possessed handgun models is no more constitutional than the UHA ban already enjoined by this Court. Plaintiffs therefore seek leave to file a supplemental complaint to challenge § 27595's cruciform-trigger-bar ban, which is flagrantly unconstitutional and, like the rest of the laws at issue in this suit, seeks to narrow the selection of ordinary handguns available to peaceable Californians.

## ARGUMENT

### A.    Legal Standard.

Federal Rule of Civil Procedure 15(d) permits new claims to be lodged in a supplemental complaint so long as they bear "some relation to the claims set forth in the original pleading." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988) (cleaned up). This promotes "the efficient administration of justice" by avoiding "the cost, delay and waste of separate actions." *Id*. (cleaned up); *see also* 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1506 (3d ed.) (noting "the desirability of reducing multiplicity of litigation by permitting as many of the claims between the parties as possible to be settled in one action"). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as

possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1057 (9th Cir. 1981).

"A motion for permission to serve and file a supplemental pleading is addressed to the sound discretion of the court." *Weekes v. Atl. Nat. Ins. Co.*, 370 F.2d 264, 272 (9th Cir. 1966). "As with leave to amend the pleadings, leave to supplement should be 'freely given.'" *Singleton v. Kernan*, No. 3:16-cv-2462, 2017 WL 4021536, at *3 (S.D. Cal. Sep. 12, 2017) (cleaned up). Courts rely on the same standard as a Rule 15(a) motion to amend when considering a motion for leave to file a supplemental pleading under Rule 15(d). *See Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013); *Glatt v. Chicago Park Dist.*, 87 F.3d 190, 193 (7th Cir. 1996). Accordingly, this Court's analysis is guided by the five *Foman* factors: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "Courts also consider whether allowing leave to supplement would align with the goal of Rule 15(d), which is to promote judicial efficiency." *Collins v. Wal-Mart Stores, Inc.*, No. 3:23-cv-1368, 2025 WL 1638319, at *5 (S.D. Cal. June 6, 2025) (citation omitted).

**B.    The Supplemental Complaint Promotes Judicial Efficiency By Including Plaintiffs' Challenge To California's New Glock Ban Along With Their Challenge To The UHA.**

Plaintiffs' proposed supplemental complaint asserts one claim alleging that California Penal Code § 27595 violates the Second Amendment insofar as it bans handguns with cruciform trigger bars, which handguns are in common use. This claim may be lodged in a supplemental complaint because it bears "some relation to the claims set forth in the original pleading." *Keith*, 858 F.2d at 474 (cleaned up). Plaintiffs' Fourth Amended Complaint challenges California's ban on sales of many commonly used handgun models via the UHA's roster. *See Renna*, 667 F. Supp. 3d at 1060 (noting Plaintiffs challenged a handgun "sales ban" (cleaned up)). Plaintiffs'

new claim challenges a new restriction that targets a specific subset of semiautomatic handguns. The Fourth Amended Complaint and the supplemental complaint both argue that California's legislative bans on the sale of commonly used handguns violate the Second Amendment. That is enough to satisfy Rule 15(d)'s liberal test. *See Keith*, 858 F.2d at 474 (permitting a supplemental complaint because "[t]he concern in the original action … and the supplemental complaint [was] the same").

Permitting a supplemental complaint serves Rule 15(d)'s core purpose of judicial efficiency. This Court is already familiar with the Second Amendment standard governing Plaintiffs' claims and the evidence concerning the UHA's roster mechanics, which includes common-use evidence for Glock and Glock-style handguns. Litigating AB 1127's expansion of California's ban on common semiautomatic handguns as part of this action, rather than in a separate proceeding, avoids duplicating the record, avoids the risk of inconsistent rulings on overlapping common-use questions, and spares both the parties and the Court the cost of a parallel suit raising intertwined legal issues. In short, litigating these issues in a single action furthers "the efficient administration of justice" and promotes "the economical and speedy disposition of the controversy" between Plaintiffs and California. *Keith*, 858 F.2d at 474.

The *Foman* factors confirm that the motion should be granted. Prejudice—the factor that "carries the greatest weight" in the analysis, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)—weighs in Plaintiffs' favor. The State cannot be prejudiced by permitting Plaintiffs to file a supplemental complaint. The question whether California can ban handguns in common use underlies both the constitutionality of the UHA and of § 27595's cruciform-trigger-bar ban. Whether in this case or in a separate proceeding, California will be forced to defend § 27595 against Second Amendment scrutiny. Permitting Plaintiffs to introduce those issues through a supplemental complaint imposes no additional burden the State would not otherwise face. In fact, should Plaintiffs not be permitted to supplement here (or, in

the alternative amend their Complaint), they would be forced to file separate suit to address these issued, thus, granting Plaintiffs' motion saves this Court and the State from having to address this exact claim via separate suit. Moreover, resolving the constitutionality of both the UHA and § 27595(a) in one lawsuit helps secure complete relief for Plaintiffs since for at least some models of Glocks the Roster restrictions and the cruciform-trigger-bar ban both independently prohibit sale. Judicial economy is served by avoiding piecemeal adjudication of the handgun bans.

The remaining factors bear little mention under the circumstances and only reaffirm this straightforward conclusion. There has been no delay—§ 27595(a) takes effect on the date this motion is filed (July 1, 2026). Plaintiffs cannot be accused of bad faith or dilatory motive, as they are promptly moving to challenge yet another novel incursion by California on their Second Amendment protected rights. The two factors focused on the substantive propriety of the pleading—repeated failure of previous amendments and futility—likewise support Plaintiffs: The proposed supplemental complaint lays out in detail precisely how California's novel Glock ban is unconstitutional.

In sum, Plaintiffs have readily satisfied what Rule 15(d) requires.

## C.    In The Alternative, Plaintiffs Should Be Permitted To Amend Their Complaint To Add A Challenge To The Cruciform-Trigger-Bar Ban.

If the Court denies this motion, Plaintiffs should be permitted to file an amended complaint to include a Second Amendment challenge to § 27595(a). "In general, a court should liberally allow a party to amend its pleading." *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires." (citation modified)). And because, as explained above, the State can suffer no prejudice and the *Foman* factors weigh in Plaintiffs' favor, it would be an abuse of discretion to deny leave to amend. *United States v. Pend Oreille Pub. Util. Dist. No.*

*1*, 926 F.2d 1502, 1511 (9th Cir. 1991); *Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir.1973).

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to file and serve a supplemental complaint should be granted. Alternatively, Plaintiffs should be permitted to file an amended complaint.

Dated: July 1, 2026                                   Respectfully submitted,


                                                      /s/ Bradley A. Benbrook
                                                      Bradley A. Benbrook
                                                      Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>/s/ Bradley A. Benbrook</u>
Bradley A. Benbrook