BENBROOK LAW GROUP, PC
Bradley A. Benbrook (SBN 177786)
Stephen M. Duvernay (SBN 250957)
701 University Avenue, Suite 106
Sacramento, CA 95825
(916) 447-4900
brad@benbrooklawgroup.com
steve@benbrooklawgroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lana Rae Renna; Danielle Jaymes; Laura Schwartz; Michael Schwartz; Robert Macomber; Clint Freeman; John Klier; Justin Smith; John Phillips; Cheryl Prince; Darin Prince; Ryan Peterson; PWGG, L.P.; North County Shooting Center, Inc.; Gunfighter Tactical, LLC; Firearms Policy Coalition, Inc.; San Diego County Gun Owners PAC; Citizens Committee for the Right to Keep and Bear Arms; Second Amendment Foundation; and National Rifle Association of America, | Case No.: 20-cv-2190-DMS-DEB |
| Plaintiffs, | **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SERVE A SUPPLEMENTAL COMPLAINT** |
| v. | **Fed. R. Civ. P. 15(d)** |
| Robert Bonta, Attorney General of California; and Allison Mendoza, Director of the California Department of Justice Bureau of Firearms, | Date: August 7, 2026 Time: 1:30 p.m. Courtroom 13A (13th Floor) Hon. Dana M. Sabraw |
| Defendants. | |

**REPLY ARGUMENT**

**1.    Plaintiffs' Proposed Supplemental Complaint Plainly Meets Rule 15(d)'s "Some Relation" Standard.**

The State's opposition sets aside Rule 15(d)'s standard in favor of bluster, all designed to evade this Court's consideration of California's expansion of its already extensive handgun ban to finish what it started with the Roster, this time completely barring from sale all Glock and Glock-style handguns through California Penal Code § 27595 (the "Glock Ban"). California's Glock Ban is flagrantly unconstitutional and, like the rest of the laws challenged in this suit, seeks to narrow the selection of ordinary handguns available to peaceable Californians.

Start with the key point—Rule 15(d)'s standard is not demanding: a supplemental claim need only bear "some relation to the claims set forth in the original pleading." *Keith v. Volpe*, 858 F.2d 467, 474 (9th Cir. 1988) (cleaned up). The State doesn't seriously contest that Plaintiffs' challenge to § 27595's Glock Ban meets this standard: it presents fundamentally the same Second Amendment question as Plaintiffs' challenge to the UHA—can the State ban categories of handguns in common use?

Instead, the Opposition stresses that § 27595 is "a different statutory provision" that "was enacted to accomplish a different public-safety objective," such that the supplemental complaint "involve[s] consideration of different legislative records, different facts, and potentially some different questions of law than those posed by the current complaint." Opp. 9. Fair enough. But "[n]ew claims, new parties[,] and events occurring after the original action was filed are all proper in supplemental pleadings." *Na'Im v. Sophie's Arms Fine Residences*, 2014 WL 12479583, at *1 (S.D. Cal. May 27, 2014). And "[u]nlike other rules, there is no 'transactional' requirement in Rule 15(d)." *Id.* So claims in a supplemental complaint need not "arise out of the same transaction" as the original complaint. *Keith*, 858 F.2d at 474 (citing 3 J. Moore, Moore's Federal Practice ¶ 15.16[3] (1985)); *see also Eid v. Alaska Airlines, Inc.*, 621

F.3d 858, 874 (9th Cir. 2010) ("Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed.").

For some reason, the State points (Opp. 9) to the Ninth Circuit's decision in *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074 (9th Cir. 1990), without providing any explanation for its reliance on the case. This is unusual; *Rose* weighs in Plaintiffs' favor. There, the Ninth Circuit affirmed a denial of a proposed amended complaint that "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Id.* at 1079. Such a "radical shift in direction" posed by the new "tenuous" claims, coupled with the plaintiff's "inordinate delay," justified denial despite the policy of "extreme liberality" favoring amendment. *Id.*

None of these considerations is present here. There is no "radical" change proposed by the supplemental complaint; Plaintiffs' Second Amendment claims undeniably have merit; and the supplemental claims do not alter the fundamental landscape of the case. In *Keith*'s terms, Plaintiffs' UHA challenge and their Glock Ban challenge share the same "focal point," such that "[t]he concern in the original action … and the supplemental complaint is the same." 858 F.2d at 474. More specifically, they both ask whether the Second Amendment tolerates California's effort to ban the sale of incredibly popular handguns widely sold and available in virtually all other states.

The State suggests that Plaintiffs could just file another case to challenge § 27595's constitutionality. Opp. 9–10. This ignores "the entire raison d'être of Rule 15(d)," which "'circumvents the needless formality and expense of instituting a new action when events occurring after the original filing indicated a right to relief.'" *Food & Water Watch, Inc. v. United States Env't Prot. Agency*, No. 17-cv-02162, 2021 WL 1893063, at *7 (N.D. Cal. May 11, 2021) (cleaned up; quoting *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1044 (9th Cir. 2015)). *See also Keith*, 858 F.2d

at 473 (Rule 15(d) is "a useful device" that allows courts "to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted" (citation omitted)).

Resolving these claims in a single action helps ensure Plaintiffs can secure "complete relief" in their constitutional challenge to California's handgun bans, which is Rule 15(d)'s core concern. *Keith*, 858 F.2d at 473–74. The State's Opposition also ignores the practical effect of how the UHA and § 27595 work in concert to ban one of the most popular firearms in the Nation. Plaintiffs are not alone in seeking to resolve these issues together: The same day Plaintiffs filed this motion, the federal government sued California over both the UHA and § 27595's Glock Ban on nearly identical terms that Plaintiffs have advanced here. *United States v. California*, C.D. Cal. No. 8:26-cv-01697-MRA-ADS (filed July 1, 2026).

Plaintiffs' motion for leave to file a supplemental complaint satisfies Rule 15(d)'s standard and promotes judicial efficiency.

**2.    The State Will Not Be Prejudiced By Permitting Plaintiffs To File The Proposed Supplemental Complaint Challenging § 27595's Glock Ban.**

The State shuffles prejudice—the factor which "carries the greatest weight" in the analysis, *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)—to the last page of its brief. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). California has not done so. Indeed, the State can only bring itself to claim that it "may" suffer prejudice. Opp. 11:3.

As a foundational matter, the State cannot be prejudiced by a supplemental complaint requiring it to defend the constitutionality of a newly enacted law. The government "should be 'fully prepared to litigate the substantive issues' of the claim, given that both the theory and the operative facts of the claim remain the same." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) (quoting *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S.*

*Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981)); *cf. Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2006 WL 3733815, at *5 (E.D. Cal. 2006) ("The fact that [a supplemental complaint] may cause more work does not constitute prejudice."). The question whether California can ban handguns in common use underlies both the constitutionality of the UHA and of § 27595's cruciform-trigger-bar ban. In any event, the State confirms that it has already "undertake[n] six months of case preparation and litigation" in defense of the Glock Ban, Opp. 10:1–2, and the federal government's lawsuit already requires the State to defend both the UHA and the Glock Ban in a single action.

The only basis for so-called prejudice is the State's speculation that permitting the supplemental complaint may disrupt the pending appeal of the Court's ruling granting a preliminary injunction. Opp. 11.[1] The State notably fails to explain how "disturbing" the appeal would be prejudicial in any event. This Court even has the power "to proceed with the action on the merits" notwithstanding the pending appeal, *G & M, Inc. v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973), and the Ninth Circuit "ha[s] repeatedly admonished district courts not to delay [proceeding] to await an interim ruling on a preliminary injunction," *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018); *see Melendres v. Arpaio*, 695 F.3d 990, 1002–03 (9th Cir. 2012).[2] But even if the circumstances arose whereby the Ninth Circuit decided to add consideration of a preliminary injunction on enforcement of the Glock Ban to the appeal, it is entirely unclear how that would constitute "prejudice." The State's argument also ignores that the consolidated appeal (*Boland v. Bonta*, No. 23-5576) remains no matter what happens in this case.

---

[1] The State cites no authority for how this qualifies as prejudice for Rule 15 purposes.

[2] The State is well aware of this point, it just usually calls "heads" rather than "tails." *See, e.g.*, Defendant Rob Bonta's Opposition to Motion to Stay at 4, ECF 30, *Mobilize the Message, LLC v. Bonta*, C.D. Cal. No. 2:21-cv-5115 ("the Ninth Circuit has stated that district courts should not stay their proceedings pending appeal of preliminary injunction orders," citing *Azar* and *Melendres*); Plaintiff's Opposition to Motion to Stay Proceedings at 1, ECF 124, *California v. Azar*, C.D. Cal. No. 3:19-cv-1184 (similar).

Nevertheless, to be clear: Plaintiffs do not seek to "disturb" the appeal. Why would they? After all, the Court has stayed the preliminary injunction, and it is Plaintiffs who suffer constitutional injury each day that California's handgun bans are enforced. Finally, the State's "disturbance" theory only makes sense if the decision on the existing appeal is imminent, which it surely is not. The appeal on a preliminary injunction has been pending for an astounding *40 months*, and now there is actually a good reason for it to be held some time longer: The Supreme Court has granted certiorari in *Viramontes v. Cook County*, No. 25-238 and *Grant v. Higgins*, No. 25-566, to answer the question whether bans on a category of common arms (*i.e.*, semiautomatic rifles, including AR-15s) violate the Second Amendment, and that decision will no doubt inform how the Ninth Circuit should resolve the UHA's arms ban.

**3.      Plaintiffs Have Not Unduly Delayed: They Filed This Motion The Day § 27595 Took Effect.**

Plaintiffs have not unduly delayed, and in any event "[u]ndue delay by itself … is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *accord Sonoma Cnty. Ass'n of Retired Emps.*, 708 F.3d at 1118 (similar). Because the State has failed to show any additional ground to justify denying the request to file a supplemental complaint, any purported delay is irrelevant and it would be an abuse of discretion to deny Plaintiffs' motion. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001). This is so even if the State's accusation that Plaintiffs harbored an improper motive in bringing this motion were true (which it is not). *Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 804 (N.D. Cal. 2024). Simply put, the absence of prejudice is dispositive. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Setting that aside, there has been no delay here. Plaintiffs sought leave to file a supplemental complaint challenging California's Glock Ban the day it took effect.

That some of the same Plaintiffs previously filed and dismissed—without prejudice—a lawsuit raising the same constitutional question does not mean Plaintiffs delayed seeking leave to file a supplemental complaint here. The State's delay argument is a farce: Plaintiffs are not required to file suit the day a law is enacted. It would be manifestly unjust to insulate the State from Plaintiffs' challenge to § 27595. The law just took effect and it inflicts constitutional harm each day it is enforced.[3]

Even taking the State's delay claim at face value, the Opposition fails on its own merits. "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012). As explained above, the State cannot be prejudiced by a supplemental complaint that calls on it to defend the constitutionality of a newly enacted law. And the proposed supplemental complaint imposes no new burdens on the Court, since the case has only reached the preliminary injunction stage and Plaintiffs' challenge to § 27595 raises similar legal and factual questions as their existing UHA challenge.

### 4. The State's Bad Faith Argument Is A Canard.

The State puts most of its chips on a theory that Plaintiffs have engaged in bad faith, pointing to the *Jaymes*' dismissal and accusing Plaintiffs of judge shopping. This is heavy on dudgeon but light on substance. Plaintiffs filed this motion against the backdrop of the federal government's suit challenging **both** the UHA and § 27595. *United States v. California*, C.D. Cal. No. 8:26-cv-01697-MRA-ADS (filed July 1,

---

[3] The State's grab bag of string-cited authorities are inapposite. Opp.10–11. In *Peterson v. California*, the court denied a pro se plaintiff's request to amend or supplement his complaint to add new theories of liability after discovery closed. No. 1:10-cv-1132, 2011 WL 3875622, at *3–5 (E.D. Cal. Sept. 1, 2011). In *Worley v. Bristol*, the pro se plaintiff filed a motion to file a supplemental complaint adding a new defendant months after discovery closed on the eve of the dispositive motion deadline. No. 2:25-cv-83, 2026 WL 2013945, at *1–2 (D. Or. Apr. 29, 2026). The unifying thread in these cases is that district courts properly deny motions for leave filed long after discovery closed, particularly when the proposed pleadings have questionable validity and there is no explanation for the delay. And in *Manriquez v. City of Phoenix*, the Ninth Circuit upheld the district court's denial of a motion for leave to amend under Rule 16 because it was filed after the scheduling order deadline. 654 F. App'x 350, 351 (9th Cir. 2016). There are no Rule 16 issues here.

2026). Plaintiffs could have sought to intervene in that action, which would have raised a separate set of procedural questions, invited confusion, risked inconsistent rulings, and undermined judicial efficiency. Instead, they pursued a supplemental complaint here. This promotes exactly the "efficient administration of justice" Rule 15(d) is meant to serve. *Keith*, 858 F.2d at 473 (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963)). And it belies any suggestion that Plaintiffs are engaged in gamesmanship, rather than taking the straightforward path of promptly seeking leave to file a supplemental complaint the moment a law impacting their Second Amendment rights took effect.

Turning to what *actually* happened in *Jaymes*. Plaintiffs were required to file a Notice of Related Case in *Jaymes* because the cases were related under the Court's criteria: they arose from substantially identical happenings or events; involved overlapping parties; required the determination of substantially identical questions of law; and would have required substantial duplication of work if the cases were assigned to different judges. *See* CivLR 40.1.e, .f. Thus, it was not a tactical maneuver for the *Jaymes* Plaintiffs to file a Notice of Related Case.

Nor was there any formal action taken on the Notice. The Opposition reads as if the Court rejected the related-case determination. It did not. As the State concedes, the *Jaymes* "Court never ruled on it [the related case issue]," Opp. 4, before the parties jointly agreed to first stay and then dismiss the case, so it remained assigned to Judge Curiel. Had the Court completed its consideration of the issue, the Local Rules dictate that *Jaymes* would have been transferred and assigned to this Court because it is the lowest numbered case. CivLR 40.1.i.

Peek behind the State's table-pounding, and there is no evidence of a "wrongful motive" to warrant denying leave to file the supplemental complaint. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (considering a motion to amend). It is not the case that the *Jaymes* Plaintiffs dismissed their complaint because they didn't like the judicial draw and then decided to push ahead by

"shoehorn[ing]," Opp. 8, unrelated claims here. That strategy would make no sense, since the most straightforward path is to do what they have done through this motion: Supplement their complaint to include a challenge to § 27595 here, so that the constitutionality of California's two handgun bans is settled in one suit rather than litigated piecemeal in overlapping litigation. Judicial efficiency favors considering these issues together.

The Opposition's main tactic is to drop in choice citations to create the illusion that Plaintiffs are up to something unsavory. The State first explains that courts must be wary "of proposed amendments that appear to 'game' the system." Opp. 8 (quoting *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1177 (E.D. Cal. 2013)). This case has nothing in common with *Fresno Unified*. Plaintiffs are not throwing a "'late-inning knuckleball'" by sneaking in a "near-complete revision" of their pleadings to dodge summary judgment. *See id.* at 1176–78.

The State then drops a *cf.* cite to *Young v. Trump*, 506 F. Supp. 3d 921, 934 (N.D. Cal. 2020), which denied the federal government's motion to transfer an immigration case under the first-to-file rule based, in part, on forum-shopping concerns. The record in *Young* demonstrated the administration's inconsistent position on venue given its uneven record litigating the same issue in other districts. *See id.* at 933–34. Those concerns are not present here: Plaintiffs seek only to add a claim that falls neatly within the framework of their existing challenge to the UHA and is required for the ultimate relief Plaintiffs seek: an injunction prohibiting the Defendants from enforcing California's handgun ban scheme against the Plaintiffs, who have pressed and continue to pursue their constitutionally protected right to acquire safe, modern handguns available for sale to the rest of the United States, including the now-banned Glocks.

The State's prize case illustrates just how far it is straining to avoid facing Plaintiffs' challenge to § 27595. In *Planned Parenthood of S. Arizona v. Neely*, the Ninth Circuit held that a district court abused its discretion in permitting plaintiffs to

file a supplemental complaint in an action challenging Arizona's abortion parental consent laws. 130 F.3d 400 (9th Cir. 1997). The plaintiffs sought leave to challenge a different statute four years after final judgment had been entered, where Arizona had not appealed that judgment and the district court did not retain jurisdiction. *Id.* at 402. Because "[t]he original suit had been settled for some time," permitting a supplemental complaint meant that the "entire controversy" would not be "settled in "one action"—the supplement "necessarily" constituted a second action. *Id.*

This situation stands in stark contrast to *Neely*'s extraordinary facts: Plaintiffs are not seeking to resuscitate a long-closed case. The case is on appeal from a preliminary injunction. And the supplemental complaint will ensure that, unlike *Neely*, "the entire controversy between the parties [can] be settled in one action." *Id.* (citation omitted).

## CONCLUSION

For the reasons stated above and in the opening brief, the Court should grant Plaintiffs' motion for leave to file a supplemental complaint.


Dated: July 31, 2026                              Respectfully submitted,


                                                  /s/ Bradley A. Benbrook
                                                  Bradley A. Benbrook
                                                  Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of California by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Bradley A. Benbrook
Bradley A. Benbrook
