ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
GABRIELLE D. BOUTIN
SABRINA T. MCGRAW
Deputy Attorneys General
State Bar No. 334120
 455 Golden Gate Ave, 11th Fl.,
 San Francisco, CA 94102
 Telephone: (415) 268-4326
 E-mail: Sabrina.McGraw@doj.ca.gov
*Attorneys for Defendants*
*Attorney General Rob Bonta and Director*
*Allison Mendoza, in their official capacities*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LANA RAE RENNA, et al.,** | 3:20-cv-02190-DMS-DEB |
| Plaintiffs, | **DEFENDANTS' EX PARTE APPLICATION TO HOLD PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION IN ABEYANCE OR, ALTERNATIVELY, FOR AN EXTENSION OF TIME TO FILE THE OPPOSITION BRIEF** |
| **v.** | |
| **ROB BONTA, et al.,** | |
| Defendants. | |
| | Judge:        Hon. Dana M. Sabraw |
| | Trial Date:   None set |
| | Action Filed: 11/10/2020 |

1

Defendants Attorney General Rob Bonta and Allison Mendoza, Director of the Bureau of Firearms, in their official capacities, hereby submit this ex parte application asking the Court to issue an order: (1) holding Plaintiffs' Motion for Preliminary Injunction, Dkt. 107, in abeyance and vacating the attendant briefing deadlines and hearing date until this Court has ruled on Plaintiffs' pending Motion for Leave to Supplement the Complaint, Dkt. 101; and, (2) in the event the Court grants the Motion to for Leave to Supplement the Complaint, ordering the parties to meet and confer on a reasonable briefing schedule and hearing date for Plaintiffs' Motion for Preliminary Injunction.

In the alternative, pursuant to Federal Rule of Civil Procedure 6(b), Defendants request an order extending their time to file their opposition to the Motion for Preliminary Injunction to September 4, 2026, and extending Plaintiffs' reply brief deadline and the hearing date accordingly.

Defendants suggest that the Court and counsel for the parties discuss this Application, and its requested relief, at tomorrow's hearing on Plaintiffs' Motion for Leave to File a Supplemental Complaint.

Good cause supports these ex parte requests.

The operative Fourth Amended Complaint in this action challenges only California's Unsafe Handgun Act ("UHA").  Declaration of Sabrina T. McGraw ¶ 3; Dkt. 99-1.  It does not include any cause of action challenging the constitutionality or validity of Assembly Bill ("AB") 1127, California's separate retail sales restriction on machinegun-convertible pistols that is not part of the UHA.  McGraw Dec. ¶ 3; Dkt. 99-1.  Plaintiffs have filed a Motion for Leave to Supplement the Complaint to add a cause of action challenging AB 1127, but Defendants have opposed that motion and the motion has yet to be decided. McGraw Dec. ¶ 3; Dkts. 101, 103.

Plaintiffs have nevertheless already filed the Motion for Preliminary Injunction seeking to enjoin Defendants' enforcement of AB 1127.  McGraw Dec.

¶ 4; Dkt. 107.  This filing was premature and improper.  It seeks relief indisputably outside the scope of the Fourth Amended Complaint and therefore cannot be granted in the event this Court denies the pending Motion for Leave to Supplement the Complaint.  *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (a district court "lacks authority" to grant a preliminary injunction that does not grant "relief of the same character as that which may be granted finally").  For Defendants to oppose the Motion for Preliminary Injunction, they will be forced to immediately undertake a significant expenditure of time and resources which may be completely unnecessary.  McGraw Dec. ¶ 4;

This issue is exacerbated by the fact that Plaintiffs have set the hearing on the Motion for Preliminary Injunction for September 4, 2026.  McGraw Dec. ¶ 5; Dkt. 107.  Plaintiffs did not meet and confer with Defendants before selecting that date, which provides Defendants with only 16 days to prepare their opposition (and only 13 days following tomorrow's hearing on the Motion for Leave to Supplement the Complaint).  McGraw Dec. ¶ 5.  This is an unreasonably short amount of time to defend against a claim, which is not even part of this case yet, that raises a facial Second Amendment challenge to a state law. [1]  In contrast, in the case of *United States v. California*, No. 8:26-cv-01697-MRA-ADS (C.D. Cal.), in which AB 1127 is also challenged, the federal government recently stipulated to a briefing schedule for its preliminary injunction motion which provided the State with 28 days to file its opposition.  *Id.* ¶ 6.

For these reasons, Defendants respectfully ask this Court to grant the ex parte relief described above.

---

[1] This is because, in Second Amendment challenges, if the plaintiffs meet their burden to show that the Second Amendment's plain text covers their proposed conduct, then the court must analyze whether the challenged firearms laws are "consistent with this Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Association Inc. v. Bruen*, 597 U.S. 1, 17 (2022).  For this analysis, the parties are tasked with compiling the historical record, *id.* at 25, which can be an expansive, time-consuming task often involving extensive research and the work of historical experts.

Defendants' counsel gave notice to Plaintiffs' counsel of their intent to file this ex parte motion and the relief requested on August 6, 2026. McGraw Dec. ¶ 7. The parties' counsel subsequently met and conferred but could not come to an agreement regarding the relief Defendants seek. *Id.* Plaintiffs oppose Defendants' request to hold the Motion for Preliminary Injunction in abeyance. *Id.* Plaintiffs counsel has communicated, however, that he would confer with Plaintiffs regarding a continuance of the hearing date and briefing schedule that allows the State a reasonable amount of time to prepare its opposition. *Id.*

Dated: August 6, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
GABRIELLE D. BOUTIN
Deputy Attorney General

*/s/ Sabrina T. McGraw*
SABRINA T. MCGRAW
Deputy Attorney General
*Attorneys for Defendants*
*Attorney General Rob Bonta and*
*Director Allison Mendoza, in their*
*official capacities*

4